22872.   WILLIAMS v. THE STATE.

*Claude N. Morris,* for plaintiff in error.

*Jack Murr, Solicitor,* contra.

*William T. Boyd, Solicitor General, Carter Goode, J. Walter LeCraw, Eugene Cook, Attorney General, Albert Sidney Johnson, Assistant Attorney General, Alfred A. Quillian, Deputy Assistant Attorney General,* amicus curiae.

ALMAND, Justice. The Court of Appeals has certified to the Supreme Court the following questions:

"1. Where a defendant in a criminal case is not sworn as a witness and elects to make an unsworn statement, is it within the power of the court to deny to his counsel the right or privilege of interrogating the defendant during the course of making the statement, assuming that the proposed interrogation would consist of relevant and proper questions if permitted?

"If the answer to the above question is in the negative we desire an answer to the following additional question:

"2. Would the answer be otherwise if at the time of denying the defendant's counsel the right to interrogate or make suggestions during the course of the statement the court announced that upon conclusion of such voluntary statement as the defendant desired to make counsel would be permitted to interrogate and assist in bringing out any further or additional statement and in making explanations, corrections or retractions?"

This court, in the case of *Ferguson v. State,* 215 Ga. 117 (3b) (109 SE2d 44), held: "The constitutional provisions granting to persons charged with crime the benefit and assistance of counsel confer only the right to have counsel perform those duties and take such actions as are permitted by the law; and to require counsel to conform to the rules of practice and procedure, is not a denial of the benefit and assistance of counsel. It has been repeatedly held by this court that counsel for the accused cannot, as a matter of right, ask the accused questions or make suggestions to him when he is making his statement to the court and jury. *Code* § 38-415; *Corbin v. State,* 212 Ga. 231 (7) (91 SE2d 764, 351 US 987, 76 SCt 1057, 100 LE 1501), and cases

there cited." On appeal the Supreme Court of the United States reversed this ruling (Ferguson v. Georgia, 365 U.S. 570, 81 SC 756, 5 LE2d 783). That court held: "The Georgia Code, § 38-416, makes a person charged with a criminal offense incompetent to testify under oath in his own behalf at his trial; but § 38-415 gives him the right to make an unsworn statement to the jury without subjecting himself to cross-examination. At the trial in a state court in which appellant was convicted of murder, his counsel was denied the right to ask him any questions when he took the stand to make his unsworn statement. Held: This application of § 38-415 denied appellant the effective assistance of his counsel at a crucial point in his trial, and it violated the Due Process Clause of the Fourteenth Amendment." In the opinion it was said: "We therefore hold that, in effectuating the provisions of § 38-415, Georgia, consistently with the Fourteenth Amendment, could not, in the context of § 38-416, deny appellant the right to have his counsel question him to elicit his statement. We decide no more than this." Ferguson v. Georgia, 365 U.S. 570, 596.

At the time of these decisions *Code* § 38-415 provided: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer," and *Code* § 38-416 provided: "No person, who shall be charged in any criminal proceeding with the commission of any indictable offense or any offense punishable on summary conviction, shall be competent or compellable to give evidence for or against himself." The General Assembly of Georgia amended *Code* § 38-415 by adding thereto the following: "In the alternative, however, if the prisoner wishes to testify and announces in open court his intention to do so, he may so testify in his own behalf. If so, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put

his character in issue. Evidence of prior felony convictions may be admitted in those cases where the same are alleged in the indictment as provided by law. The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure. Provided, however, in the event the defendant elects to be sworn and examined, he shall not lose his right to open and conclude the argument to the jury, if he has not introduced other evidence in the trial," and amended *Code* § 38-416 by striking the words "competent or." Ga. L. 1962, pp. 133, 134.

The Supreme Court of the United States did not hold that either *Code* § 38-415 or *Code* § 38-416 is unconstitutional, but merely held that since the latter Code section made a defendant in a criminal case incompetent to testify as a witness in his own behalf and under *Code* § 38-415 he is only permitted to make an unsworn statement on his trial, it would be a denial of the defendant's constitutional right to the benefit of counsel to deny him the right to have his counsel question him. The Act of 1962 amended these two Code sections by making a defendant a competent witness and giving him an option either to make an unsworn statement or to be sworn and examined and cross examined as any other witness. The ruling of this court, following a long line of decisions beginning with *Brown v. State,* 58 Ga. 212 (1), in *Corbin v. State,* 212 Ga. 231 (7) (91 SE2d 764) that: "The right to make a statement in his behalf is a personal right granted to the defendant by *Code* § 38-415, and extends no further than to permit him personally to make to the court and jury just such statement as he deems proper in his defense. His counsel has no right to ask him questions while he is making his statement. The trial judge, however, in his discretion, can permit his counsel to ask him questions or make suggestions to him relating to his statement, while he is making it or when he has concluded it," is controlling in the application of amended *Code* § 38-415.

Our answer to the first question is in the affirmative. No answer is required to the second question.

*The first certified question is answered in the affirmative. All the Justices concur.*