## 43957. DYE v. THE STATE.

JORDAN, Presiding Judge. The defendant appeals from a judgment of conviction and sentence for selling tax-paid whiskey in violation of law. *Held:*

1. The demurrer to the accusation to the effect that the accusation fails to state an offense, and that both the accusation and the statute on which it is based are too indefinite, is without merit. The accusation charges the defendant with

"the offense of selling tax-paid whiskey" on March 24, 1968, "in the county aforesaid [Washington County]" in that the defendant "did sell and barter for valuable consideration . . . whiskey contrary to the laws of said State." Prohibited liquors are defined in *Code Ann.* § 58-101 to include whiskey, the sale of which is unlawful under *Code* § 58-102, and punishable as a misdemeanor under *Code* § 58-123. This prohibition remains in effect in those counties not exempted under later law. See Ga. L. 1937-38, Ex. Sess., pp. 103, ⁻04, 123 (*Code Ann.* §§ 58-124, 58-1078). The accusation clearly informs the defendant that he is accused of the sale of whiskey in Washington County, and it is entirely unnecessary to allege or prove as a fact that Washington County is not exempted from the provisions of law prohibiting the sale of whiskey, this being a matter which "shall be judicially recognized without the introduction of proof." *Code* § 38-112. See *Tanner v. State*, 90 Ga. App. 789 (1) (84 SE2d 600); *Ivey v. State*, 84 Ga. App. 72, 75 (65 SE2d 282); *Combs v. State*, 81 Ga. 780 (8 SE 318); *Leonard v. State of Ga.*, 204 Ga. 465 (4a) (50 SE2d 212).

2. No harmful error is shown by the instructions, in referring to the defendant's unsworn statement, that "you would be authorized to accept the whole of it or any part of it, in preference to the sworn testimony, *if you believe it to be the truth.*" See *Mason v. State*, 97 Ga. 388 (23 SE 831). While the statute as amended (Ga. L. 1962, pp. 133, 134; *Code Ann.* § 38-415) expressly forbids any comment on the failure of an accused to be sworn and testify as witness, the statement as here shown is in substance nothing more than the standard provided in the statute for the jury to follow in considering an unsworn statement, plus the addition of "if you believe it to be the truth" which is implicit from the language of the statute. To believe is to give credence to as true. Merriam-Webster New International Dictionary (2d Ed.) unabridged. In those cases where the defendant does elect to make an unsworn statement we think it proper for the court to confine instructions strictly to the substance of the first three sentences of the statute (*Code* § 38-415 as amended in 1962) as well as instructions, but only if there is an issue, on the defendant's right to decline to answer any questions on cross examination. The *Crowe* cases, 117 Ga. App. 598 (161 SE2d 512) and 117 Ga. App. 648 (161

SE2d 514) are distinguishable, for although the court in the present case did refer to the fact that the defendant is not under oath or subject to cross examination, as was done in the *Crowe* cases, the court continued in those cases by stating, "He incurs no penalty by failure to tell you the truth," which carries the clear implication in the context as there used that a defendant who is not under the compulsion of an oath is less likely to tell the truth, which is not only a comment, but one decidedly adverse to the defendant, on his failure to testify.

3. The remaining enumerations are without merit.

> *Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED OCTOBER 9, 1968—DECIDED OCTOBER 18, 1968—REHEARING DENIED OCTOBER 30, 1968—

*Casey Thigpen,* for appellant.

*Thomas A. Hutcheson, Solicitor,* for appellee.