### 44032. HARRIS v. THE STATE.

PANNELL, Judge. 1. Where a defendant, out on bond, knows that a case of the State against him, charging him with passing and uttering a worthless check, is to be tried during a coming term of court and waits until the day before the trial of the case to subpoena witnesses, and upon a motion made by him for continuance because of the absence of two witnesses makes no showing as to the expected testimony of the witnesses, the trial court did not err in refusing to grant a continuance until the witnesses could be brought in. See *Code Ann.* § 81-1410; *Tomlin v. State,* 110 Ga. 268 (34 SE 845).

2. Where upon the call of such case for trial the trial judge ascertains that the defendant has no attorney, although in a previous case he had an attorney, and offers to appoint an attorney for the defendant, and the defendant declines such appointment of an attorney to represent him unless it is not

an attorney of the circuit within which the court has jurisdiction to so appoint, and makes no showing to the court that he is unable to employ counsel because of his poverty, and makes no objection to going to trial without an attorney, but states during the course of the discussion that he prefers to represent himself, the action of the trial court in informing the defendant only one-half hour before the time set for the trial that he could have an attorney appointed to represent him is not error, particularly when no motion for continuance was made on such ground.

3. The statement by the trial judge when the defendant took the witness stand to make his statement that "the defendant will make an unsworn statement" "does not constitute a comment on the failure of the defendant to testify under the Act of 1962 (Ga. L. 1962, p. 133; *Code Ann.* § 38-415) which provides in part as follows: 'The failure of a defendant to testify shall create no presumption against him and no comment shall be made because of such failure.' *Ash v. State,* 109 Ga. App. 177 (3) (135 SE2d 507). In *Carter v. State* 107 Ga. App. 571 (1) (130 SE2d 806), and *McCann v. State,* 108 Ga. App. 316 (1) (132 SE2d 813), references were made to the fact that the defendant was by law permitted to be sworn and testify under oath and comparisons drawn between that and the unsworn statement. These cases are, for that reason, distinguishable." *Gunnin v. State,* 112 Ga. App. 720 (3) (146 SE2d 131).

4. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED NOVEMBER 6, 1968—DECIDED DECEMBER 4, 1968.

*Dennis D. Watson,* for appellant.
*William M. Campbell, Solicitor,* for appellee.