## 25250. HUNSINGER v. THE STATE.

ARGUED JUNE 11, 1969—DECIDED JULY 10, 1969.

*Grady C. Pittard, Jr.*, for appellant.

*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General*, for appellee.

NICHOLS, Justice. Ronald Frank Hunsinger was indicted and convicted under an indictment charging him and three others with robbery "violently by force or use of offensive weapon." The defendant was sentenced to twelve years in the penitentiary and he appeals from such conviction and sentence.

1. The first and fourteenth enumerations of error complain of admitting into evidence a waiver of counsel signed by the defendant as well as a "statement of the defendant" signed by the defendant. A separate hearing was held out of the presence of the jury where testimony was adduced showing that the criteria set forth in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), to authorize the introduction of the statement into evidence were met. The jury was returned to the jury box and again the testimony relating to the circumstances surrounding the giving of such statement was detailed with vigorous cross examination by counsel for the defendant. The evidence introduced by the State authorized the admission of such documents into evidence and the enumeration of error (No. 12) relating to the refusal to permit the defendant to introduce evidence in opposition to such prima facie case need not be passed upon inasmuch as the case is being reversed on other grounds, and on another trial it will be presumed that the trial court will permit the defendant to introduce evidence to rebut the State's showing as to voluntariness.

(a) Nor did the trial court err (as contended in the thirteenth

enumeration of error) in permitting the G.B.I. agent who interviewed the defendant to state the conclusion that the statement was voluntarily given.

2. A hearing on a motion to suppress evidence obtained at the time of the defendant's arrest was held prior to the trial, and the second enumeration of error complains of the overruling of such motion.

The officers who made the arrest and search were notified by radio of the robbery and given a description of the automobile allegedly used in connection with the robbery including its tag number and the number of occupants. Four minutes later, at approximately 2:14 a.m. they spotted the automobile being driven through town, stopped it, arrested the occupants and searched the automobile where the proceeds of the crime were discovered as well as a gun and mask allegedly used in the robbery.

No contention is made that the arrest was not a lawful one, and the search of the motor vehicle in which the defendant was a passenger for things connected with the crime for which he was arrested was not unlawful. See *Cash v. State*, 222 Ga. 55 (148 SE2d 420); *Watts v. Cannon*, 224 Ga. 797 (164 SE2d 780), and citations.

3. The third enumeration of error complains that the trial court erred in overruling the defendant's demurrer to the indictment without hearing argument from defendant's counsel in support of such demurrer. No contention is made that the judgment rendered constituted error, and any defect in procedure in arriving at the proper result would at most constitute harmless error.

4. Under the decision in *Jones v. State*, 224 Ga. 283 (161 SE2d 302) (judgment modified on other grounds), where counsel for defendant signed a written waiver of the list of witnesses to be used against the defendant, no question is presented for decision by an enumeration of error complaining of the use of a co-indictee as a witness against the defendant. Accordingly, the fifth and tenth enumerations of error are without merit.

5. The sixth enumeration of error complains that the trial court erred in permitting the G.B.I. agent who had investigated

the case, and who was a witness for the State, to remain in the courtroom during the trial. Under the decision in *Dye v. State,* 220 Ga. 113 (137 SE2d 465), and the cases cited, this action of the trial court was not error.

6. The seventh enumeration of error complains of the alleged illegal admission of hearsay testimony. The testimony sought to be excluded was admissible to explain conduct. See *Jones v. State,* supra, and citations.

7. Enumerations of error numbered 8, 9, 11 and 15 all complain that the trial court restricted the defendant's right to a thorough and sifting cross examination of the State's witnesses. "[A]s stated in *Moore v. State,* 221 Ga. 636, 639 (146 SE2d 895) and in numerous other decisions of this court: 'The scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused.' See also *Gravitt v. State,* 220 Ga. 781, 785 (6) (141 SE2d 893) ; *Post v. State,* 201 Ga. 81, 84 (39 SE2d 1). The trial judge may restrict the cross examination to matters material to the issues (*Weller v. State,* 213 Ga. 291, 294 (99 SE2d 113) ; *Clifton v. State,* 187 Ga. 502, 508 (2 SE2d 102)), and 'may also restrain useless and unnecessary repetition of questions which have been asked and fully answered.' *Clifton v. State,* supra; *Sims v. State,* 117 Ga. 226 (2) (170 SE 58) ; *Thompson v. State,* 166 Ga. 758 (10) (144 SE 301)." *Sullivan v. State,* 222 Ga. 691 (2) (152 SE2d 382).

Each of the above enumerations of error complains of the refusal to permit the repetition of evidence already adduced, and the refusal to permit counsel for the defendant to again cover the same evidence was not an abridgment of the right to a thorough and sifting cross examination.

8. During the trial of the case and after the State had rested, counsel for the defendant made the following statement to the court: "The defendant is going to take the stand to make an unsworn statement. We request the court to inform him of his rights in this regard. That is, of any defendant in a criminal case." The trial court then advised the defendant of his right to make an unsworn statement following generally the language

of *Code Ann.* § 38-415 insofar as it deals with an unsworn statement. In his brief *Code Ann.* §§ 38-415, 38-416 and Art. I, Sec. I, Par. VI of the Constitution (*Code Ann.* § 2-106) are cited in support of the enumeration of error, and the contention is made that the court did not instruct the defendant of all his rights under such authorities.

The defendant was represented by competent counsel who announced that the defendant was going to make an unsworn statement and requested that the defendant be instructed in this regard. The addition of the language: "That is, of any defendant in a criminal case," must be construed as relating to the rights of any defendant in any criminal case to make an unsworn statement, and not any right of any defendant to elect whether to be sworn and be cross examined or to make an unsworn statement. The defendant having elected to make an unsworn statement, as stated to the court by his counsel, it was not error to confine his instructions to his right to make an unsworn statement. See *Abrams v. State,* 223 Ga. 216, 222 (154 SE2d 443).

9. The seventeenth enumeration of error complains that the trial court erred in refusing to require the State to elect between the offenses of robbery by force or robbery by use of an offensive weapon. Under the decision in *Pickler v. State,* 220 Ga. 224 (1) (138 SE2d 171), these are not separate offenses but different grades or species of the same offense. No error is shown by this enumeration of error.

10. The eighteenth enumeration of error complains of the judge's instructions to the jury defining reasonable doubt. This excerpt from the charge was as follows: "A reasonable doubt means just what it says. *It is a doubt* of the fair minded impartial juror who is honestly seeking the truth, *and not* an arbitrary doubt nor a capricious doubt, *or* a doubt arising from the consideration of the evidence, *or* from a conflict of the evidence *or* from the statement of the defendant *or* from the lack of evidence." (Emphasis supplied.) This charge was error. Had the first italicized "or" read "but it is" or "it is" then the charge would have come within the rulings announced in *Bonner v. State,* 152 Ga. 214, 215 (109 SE 291) ; *Lumpkin v. State,* 152 Ga.

430

229 (109 SE 664); *Merritt v. State*, 152 Ga. 405 (110 SE 160) and similar cases approving charges on the subject of reasonable doubt. The charge in the instant case excluded areas for a jury's consideration which should have been included.

11. The contention made in the nineteenth enumeration of error is that the trial court erred in charging so as to imply that robbery by force and robbery by use of an offensive weapon is one crime. Such charge, if error, was harmless to the defendant since it would have the effect of placing a greater burden on the State.

12. Under the decision in *McKuhen v. State*, 216 Ga. 172 (4) (115 SE2d 330), the charge on the various methods by which robbery may be committed was not error where the court properly instructed the jury as to the robbery with which the accused was charged. The twentieth and twenty-third enumerations of error are without merit.

13. While no witness testified that the defendants "entered into a conspiracy to commit the robbery" with which the defendant and the co-indictees were charged, the evidence was sufficient to authorize a charge on conspiracy. The twenty-first enumeration of error is without merit.

14. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." *Code* § 38-122. The defendant in his unsworn statement admitted being in the automobile allegedly used in the robbery but contended he was asleep from before until after the robbery took place. This statement was not sufficient to raise the issue of alibi so as to require that the trial court give in charge the requested instruction on alibi. The twenty-second enumeration of error is without merit.

15. The evidence on the trial of the case authorized a finding that the four indictees met in a pool room in Athens, procured an automobile, stole an automobile license plate from a used car lot, placed such license plate over the license plate already on such automobile, drove to the scene of the crime (a service station) where they purchased one dollar's worth of gasoline and

asked the attendant various questions about his hours, etc., so as to arouse the attendant's suspicion sufficiently for him to copy down the license number of such automobile. After leaving, two of the co-indictees returned on foot and committed the robbery leaving the other two in the automobile a short distance down the road from the service station. After committing the robbery they returned to the automobile and fled. Law enforcement officers were called and a lookout placed for the automobile giving the license plate numbers recorded by the attendant. Four minutes after the Winder, Georgia, officers received such information they spotted the automobile, arrested the defendants and found the gun, money, etc., in the trunk of the automobile. The evidence authorized the verdict, and the trial court did not err in overruling the general grounds of the motion for new trial as alleged in the fourth enumeration of error.

Solely for the reasons shown in the tenth division of the opinion, the judgment of the trial court is reversed and a new trial ordered.

*Judgment reversed. All the Justices concur.*