## 25295. HAMMOND v. THE STATE.

SUBMITTED JULY 15, 1969—DECIDED SEPTEMBER 11, 1969—
REHEARING DENIED SEPTEMBER 29, 1969.

*Guy B. Scott, Jr.,* for appellant.

*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.

GRICE, Justice.    Convicted and sentenced in the Superior Court of Jackson County for the offense of armed robbery, William Wayne Hammond appeals to this court. He complains of the overruling of his motion for new trial, denial of his motion for mistrial, and refusal to allow his counsel to direct his attention to a specific matter during his unsworn statement.

■ Appellant urges in support of the general grounds of his motion for new trial that the allegations in the indictment were not proven by the evidence in two particulars, and hence that there was a fatal variance.

(a) He insists that while the indictment charges that the sum of $130 was the property of two named persons, Black and Bell, the evidence showed that it was owned by Black alone, and that this is fatal.

This contention is not meritorious.

The indictment alleged, in material part, that appellant and other named persons did "take from Roscoe Davis, without his consent, he then and there being the person in possession and control thereof, the sum of $130 the property of John Bell and Ray Black and without the consent of the owners thereof."

■

The proof was that the money belonged only to Black, and that, as alleged in the indictment, it was taken from Davis, who had possession and control of it.

This variance between joint ownership of the property as alleged and sole ownership as proven is of no legal consequence. The indictment was sufficient to apprise the defendant of the nature of the offense for which he was to be tried so that he could defend against it.

(b) The appellant also urges that the evidence did not conform to the indictment as to the amount of money taken. He asserts that while it was alleged to be $130, the evidence was that it was a much lesser sum, $48.

This position cannot be sustained. The testimony of Black was that it was "approximately" $130, and that of the sheriff was that it was $130, of which $48 had been recovered.

■ Appellant's motion for mistrial involves his contention that the trial judge commented, in colloquy before the jury, on the fact that the appellant was preparing to make an unsworn statement.

This motion was properly denied.

The transcript shows that the following transpired in connection with this feature.

Appellant's counsel announced that appellant was "going to make a statement." In response to the court's question as to whether it was to be "sworn or unsworn," counsel replied "unsworn" and requested that he be allowed to question appellant to a "certain extent." The court asked "under oath?" Counsel answered, "No, Sir." The court stated, "No, Sir. I don't think you'd be entitled to that." Whereupon counsel stated that, "I think we are entitled to examine the witness if he's entitled to counsel at all." The court answered, "Yes, Sir, but not to assist him in his statement unless it's a sworn statement." Counsel then moved "for a mistrial on the ground that the court has commented the defendant was to make an unsworn statement." The court announced, "I'll overrule the motion. I deny your request to help him." Counsel said, "You'd deny what, I didn't hear?" The court replied, "I'll deny your request to question him under an unsworn statement." Appel-

lant's counsel stated, "We renew our motion again for a mistrial. The court has again commented he will make an unsworn statement."

What transpired does not support appellant's contention that the court's remarks were comments on his making an unsworn statement. Actually, his counsel first broached the subject when he requested the court's permission to assist appellant by questioning him during his unsworn statement. The court's remarks were merely in answer to that request.

■ We find no cause for reversal in appellant's final complaint, that the trial court refused to allow his counsel to direct appellant's attention to a matter which appellant had neglected to comment on in his unsworn statement. This was a matter within the discretion of the trial court (*Williams v. State*, 220 Ga. 766, 769 (141 SE2d 436)), and no abuse is shown. The appellant had already concluded his statement, saying "That's all I have to say, Your Honor." Also, the matter which appellant's counsel sought to have him add to his statement, to wit, that he had been under psychiatric care, was subsequently testified to by appellant's medical witness.

*Judgments affirmed. All the Justices concur.*