25546. HANEY v. THE STATE.

ARGUED DECEMBER 9, 1969—DECIDED JANUARY 8, 1970.

Sylvia Levitt, Hester & Hester, Frank B. Hester, Richard M. Hester, for appellant.

Lewis R. Slaton, District Attorney, Carter Goode, John Nuckolls, J. Melvin England, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Ma-

*rion O. Gordon, Assistant Attorney General, Dorothy T. Beasley, for appellee.*

ALMAND, Chief Justice. Howard Haney was indicted for the murder of Clyde Mullins which was committed on April 11, 1968, "the said accused not being the chief actor but being present at the time of said act, aiding and abetting one Roy Edward Wilbanks in the commission of said crime." On his trial, he was found guilty, with a recommendation of mercy, and sentenced to life imprisonment. His motion for a new trial on the general grounds and five special grounds was overruled. Notice of appeal was filed. Error is enumerated on eight grounds.

■ The general grounds. Roy Wilbanks, the actual perpetrator of the crime, testified for the State on the trial of Haney.

In substance, his testimony was as follows: On his release from prison on April 10, 1968, he came to Atlanta. He met Haney in a beer parlor the next day. Neither one of the men had known the other prior thereto. Both were in financial straits. Haney suggested that they rob someone. They went to a pawn shop where Wilbanks bought and paid for a .22 caliber automatic pistol. In purchasing the pistol, Wilbanks signed a card with his name and address thereon. They then took a taxi (driven by Mullins, the victim) for the purpose of robbing a liquor store. While in the taxi, Wilbanks pulled the pistol and placed it up to the driver's head. When Wilbanks pulled out the pistol, he asked Haney what he thought. Haney said, "Go Ahead." Wilbanks, with his pistol, "up to the man's head," told the driver to go ahead, and "we'd tell him where to stop." At the entrance to a service station, the car swerved and the pistol fired. The car stopped. Wilbanks and Haney got out of the car and they told several persons standing in the vicinity that a man in the car was hurt. They then left the scene separately.

Lieutenant Strickland, an Atlanta Police Officer, testified as follows: A .22 caliber pistol was found near the scene of the killing. The officers found the pawn shop where the pistol had been purchased on the previous day by Wilbanks. On April 14, 1968, Wilbanks was arrested in Rome, Ga. Wilbanks told the officer that there had been another man with him at

the time of the shooting, but that he did not know who the man was. Later, he identified Haney from photographs exhibited to him. Haney was arrested on January 24, 1969.

The appellant, on his trial, was sworn and his testimony corroborates that of Wilbanks with regard to his drinking, procuring a pistol, riding in the cab, and the firing of the fatal bullet. His testimony raises two defenses: The first was that although at the time the pistol was purchased they planned to rob, this plan was subsequently abandoned, and at the time Mullins was shot, the plan to commit robbery did not exist. The second defense raised was that the shooting resulted from accident or misfortune.

The State contended that Wilbanks and Haney, at the time of the homicide were engaged in a conspiracy to commit a felony. The court fully charged the law relative to conspiracy.

The testimony of the accused connected him with the crime with which he was charged and is sufficient corroboration of the testimony of Wilbanks, the accomplice, to support the conviction. *Waldrop v. State*, 221 Ga. 319 (1) (144 SE2d 372). The evidence supports the verdict.

■ Ground 4 asserts that the court erred in admitting into evidence, over objection, certain testimony of Lieutenant Strickland, a witness for the State. This testimony was to the effect that during his investigation of the case, he had Roy Wilbanks look through some photographs. Wilbanks identified one picture as being the man who was with him at the time of the homicide. The picture so identified was of the defendant, Haney.

It was contended that this evidence was hearsay, and was, therefore, inadmissible. Ground 7 asserts that the court erred in permitting two witnesses for the State to testify that during their investigation of the case, the defendant's wife told them that her husband was the unknown man they were looking for in the killing of the cab driver.

It is contended that appellant was thus denied the right of confrontation and the opportunity to cross examine in violation of stated provisions of the Federal and State Constitutions.

We do not decide whether the statement made by Wilbanks

to the police officer, wherein he identified the defendant as the man who was with him at the time of the homicide, was hearsay. If it was hearsay, its admission was harmless because. the defendant admitted, in his sworn testimony, that he was with Wilbanks. The same is true of the statement made by the defendant's wife to the police officer. In his testimony, he admitted that he was the man who was with Wilbanks. In support, see *Lovett v. State*, 60 Ga. 257 (4); *South Ga. R. Co. v. Niles*, 131 Ga. 599 (3) (62 SE 1042); *Martin v. State*, 44 Ga. App. 276 (3, 5) (161 SE 371); *Turner v. State*, 138 Ga. 808 (3) (76 SE 349); *McCrary v. State*, 141 Ga. 4 (1) (80 SE 305).

■ Ground 5 complains: (a) That the court erred in charging the jury as follows: "If you find, upon consideration of all the evidence that such a conspiracy did exist at the time of the shooting alleged, and the parties were acting pursuant to such conspiracy as heretofore charged, and that the homicide occurred by the discharge of a gun held by one of the alleged conspirators, and used in an attempt to rob the deceased during the existence of such conspiracy, even if the discharge of the gun was unintentional, the offense is murder. And, in no view of such facts does it involve homicide by accident or involuntary manslaughter"; and, (b) that the court further erred in instructing the jury that, "the act of one of the conspirators in shooting the person robbed is a reasonable and probable consequences of the design." When the portions of the charge complained of are taken in connection with the entire charge, they are not subject to the objection that the court expressed an opinion. Neither were the charges argumentative.

■ Ground 6 asserts that the court erred in refusing to charge, "as orally requested," the law on the abandonment of a criminal enterprise or conspiracy, misfortune or accident.

Appellant urges that the refusal so to charge was error because it failed to place his sole defense before the jury. There are decisions holding that where a trial judge fails to charge on a defendant's only defense, such failure is prejudicial whether or not the charges were requested. But the record clearly shows that the appellant relied on two separate and distinct defenses. The first of these was the abandonment of the conspiracy; and

the second was accident and misfortune. The objection is not, therefore, meritorious.

■ Ground 8 contends that the court erred in submitting to the same jury the issue of determining the guilt or the innocence of the defendant, as well as the setting of his punishment. It is alleged that this violated appellant's constitutional right to an impartial jury, and that it denied him due process of law.

Our prior decisions on the identical issues settle this question adversely to the appellant's contention. Cummings v. State, 226 Ga. 46.

The appellant's motion for a new trial was properly denied.

*Judgment affirmed. All the Justices concur.*