26152.   HART v. THE STATE.

HAWES, Justice. Robert Hart was indicted, tried and convicted of the offense of armed robbery, and was sentenced to death by electrocution. His motion for new trial was overruled and he appealed to this court.

1. In grounds 1 through 4 of appellant's enumeration of errors, he contends that the court committed error in failing to exclude irrelevant, immaterial and prejudicial testimony about the extent of the victim's injuries, the prognosis for his recovery, his personal and family situation and his religious and occupational background. No objection to any of the evidence referred to in these grounds was made during the trial on the ground that the same was irrelevant, immaterial and prejudicial. Under repeated rulings of the appellate courts of this State, the admission in evidence of illegal evidence to which no objection is interposed cannot be made the basis of appellate review, either as a ground of a motion for new trial or as a ground of enumerated error on direct appeal. *Licett v. State,* 23 Ga. 57 (1); *Evans v. State,* 33 Ga. 4 (2); *Edwards v. State,* 224 Ga. 684 (1) (164 SE2d 120); *Robinson v. State,* 225 Ga. 167 (6) (167 SE2d 158). The objection interposed by counsel for the accused to cer-

tain questions propounded to some of the jurors on their voir dire, even if it could be said to relate to the same subject matter as the evidence referred to in these four grounds of enumerated error, would not be sufficient to constitute an objection to evidence later introduced on the trial of the case where nothing was done to call the trial court's attention to the objection or to relate the same to the evidence now complained of. The exceptions here are to a mass of testimony of several different witnesses. In at least one of the four grounds, appellant specifies as objectionable the entire testimony of one witness. As to each portion of the evidence alluded to in these grounds, at least some of it was not subject to the objection urged before this court, and under established rules where an objection goes to the whole of evidence, if any part of it is admissible the objection should be overruled. *Gully v. State,* 116 Ga. 527, 533 (42 SE 790); *Clarke v. State,* 221 Ga. 206, 214 (144 SE2d 90).

2. "In all criminal cases both the State and the defendant shall have the right to individual examination of each juror from which the jury is to be selected prior to interposing a challenge. Such examination shall be conducted after the administration of a preliminary oath to the panel or, in criminal cases, after the usual voir dire questions have been put by the court, and in such examination the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." *Code Ann.* § 59-705. In the instant case, after the usual voir dire questions had been put to the jurors, the court permitted the district attorney to ask several of the jurors whether they could be impartial between the "victim" and the accused in their deliberations. Under the above quoted Code section, the trial court did not abuse its discretion in allowing such questions to be propounded over the mere objection of counsel for

the accused, that the contest was not between the victim and the accused but between the State and the accused and that such questions were calculated to evoke sympathy for the victim on the part of the jury. Grounds 5, 6, 7 and 8 of the enumeration of errors are without merit.

3. Two grounds of enumerated error complain of the refusal of the trial court to grant a mistrial on account of alleged improper argument of the assistant district attorney in his closing arguments to the jury. Six separate instances of alleged improper remarks lifted from some eleven pages of the transcript are set forth in these grounds. However, it will be necessary for us to consider only one of these excerpts, since no objection to the arguments embodied in the other excerpts or motion for a mistrial with reference thereto was made by counsel for the accused at the time the arguments complained of were made. *Satterfield v. Ayers & Cunningham,* 10 Ga. App. 742 (1) (73 SE 1091); *Lenox Drug Co. v. New England Jewelry Co.,* 16 Ga. App. 476 (5) (85 SE 681); *McCoy v. Scarborough,* 73 Ga. App. 519, 524 (37 SE2d 221); *Campbell v. State,* 111 Ga. App. 219 (5) (141 SE2d 186).

At the conclusion of the assistant district attorney's argument and after the jury had been permitted to retire from the courtroom for the day under proper admonition, the attorney for the accused objected to the argument and conduct of counsel "in that . . . in his closing two or three sentences he inferentially told the jury that their community would be unsafe unless this boy was convicted, which is improper . . . has been held many times that it's improper arguments to argue to the jury that they convict so that society will be safe." This objection could have had reference only to the first of the excerpts set forth in ground 9 of the enumeration of errors. That excerpt from the argument of the assistant district attorney is "Return your verdict and let the community where he lives . . . and where Mr. Hurston and his family live, this entire community, let it ring out and tell this boy who is fighting for his country, not against it, what you found about his father's condition and how you feel about the ones that have taken from [him]." There was evidence in the record admitted without objection that the vic-

tim had a son serving in Viet Nam. The language complained of introduced no new fact but was merely a forceful and possibly extravagant method adopted by the assistant district attorney of impressing upon the jury the magnitude of the offense and the solemnity of their duty as jurors. *Patterson v. State,* 124 Ga. 408 (1) (52 SE 534); *Powell v. State,* 179 Ga. 401, 411 (176 SE 29); *Miller v. Coleman,* 213 Ga. 125, 129 (97 SE2d 313); *Wheeler v. State,* 220 Ga. 535, 537 (140 SE2d 258); *Martin v. State,* 223 Ga. 649, 650 (157 SE2d 458); *Holley v. State,* 225 Ga. 768, 770 (171 SE2d 528). The 9th and 10th grounds of enumerated error are without merit.

4. Grounds 11, 12, 13 and 14 of the enumeration of errors complain that certain portions of the charge set forth therein relating to the offense of robbery by use of an offensive weapon were erroneous "in that they made no mention of robbery by intimidation, which offense was charged in the indictment." Under repeated rulings of this court, an otherwise correct and pertinent instruction is not rendered erroneous by the failure to charge in connection therewith some other correct and pertinent principle of law. *Lumpkin v. State,* 152 Ga. 229 (3) (109 SE 664); *Grant v. State,* 152 Ga. 252 (1) (109 SE 502); *Burns v. State,* 188 Ga. 22, 27 (2 SE2d 627); *Albert v. State,* 215 Ga. 564 (4) (111 SE2d 215); *Coleman v. State,* 215 Ga. 865 (6) (114 SE2d 2); *Thurmond v. State,* 220 Ga. 277, 279 (138 SE2d 372). Construing these grounds, however, as raising the issue that the court erred *in failing to charge without request* that the accused was charged with robbery by intimidation and erred in not telling the jury that they might convict the accused of that offense, they do not show cause for the grant of a new trial. The indictment in this case was substantially in the language of the indictment in *Daniels v. State,* 219 Ga. 381 (133 SE2d 357). This court held in that case that where the evidence showed that an offensive weapon was used to commit the offense charged that robbery by intimidation within the contemplation of the statute was not involved. Under the holding in that case, it was not error for the court to fail to charge the jury as contended in these grounds.

5. The court charged the jury, "The defendant's statement is not

under oath and it shall have such force only as the jury may think right to give it. The jury may believe it in part, they may believe it as a whole or they may reject it as a whole or you may believe it in preference to the sworn testimony in the case and acquit the defendant." In grounds 15 and 16 of the enumeration of errors, this portion of the charge is assigned as error on the ground that it constituted an improper comment on the failure of the defendant to take the stand and testify under oath and on the ground it led the jury to believe that they could acquit the defendant only if they believed his statement "as a whole." These contentions are not meritorious. *Dowdell v. State,* 194 Ga. 578 (3) (22 SE2d 310); *Garrett v. State,* 203 Ga. 756, 765 (48 SE2d 377); *Pruitt v. State,* 88 Ga. App. 711 (7) (77 SE2d 552); *Dye v. State,* 118 Ga. App. 570 (2) (165 SE2d 183).

6. Appellant contends in grounds 17 and 18 that the court erred in refusing to restrict the State's closing argument to rebuttal of matters raised by the defense counsel in his closing argument. Appellant cites no authority and we have been unable to find any Georgia case sustaining his contention in this regard. The trial court has a broad discretion in controlling the argument and conduct of counsel in the trial of a case and, in the absence of a clear abuse, the exercise of that discretion by the trial court will not be controlled.

7. Appellant contends that the procedure by which he was tried before one jury on both the issue of guilt and the punishment to be meted out to him deprived of him rights guaranteed to him by the Constitution of the United States and of the State of Georgia. Substantially the identical contention and argument was made in *Cummings v. State,* 226 Ga. 46, 50 (172 SE2d 395), where upon ample authority there cited we disposed of the merits of such contention adversely to the appellant. See also *Haney v. State,* 226 Ga. 52, 56 (172 SE2d 592).

8. "The statutes of this State authorizing capital punishment have repeatedly been held not to be cruel and unusual punishment in violation of the Constitution. See *Sims v. Balkcom,* 220 Ga. 7 (2) (136 SE2d 766); *Manor v. State,* 223 Ga. 594 (18) [157 SE2d 431]. Hence, there is no merit in this complaint." *Furman*

*v. State,* 225 Ga. 253 (4) (167 SE2d 628).

9. Two grounds of enumerated error, numbered 21 and 22, complain of the systematic exclusion from the jury of persons opposed to capital punishment, and specifically of the exclusion of a named prospective juror. In each instance, including the specific instance insisted upon, the jurors who were excluded answered the following question in the affirmative: "Would your opposition toward capital punishment cause you to automatically vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial of the case before you if you are selected as a juror?" By their answers to this question and to other questions propounded to them by counsel for both the State and the accused, the jurors excluded made it clear that they would, under no circumstances imaginable, impose capital punishment. The juror excluded as complained of in ground 22 stated that he would under no circumstances that he could imagine vote to impose capital punishment in a case involving mere robbery, even though the victim of the robbery was shot in the back and permanently paralyzed. The test applied in excluding each juror satisfied the criteria set forth in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776). Neither of these grounds is meritorious.

10. The final contention of appellant is that he should be granted a new trial because he was denied the effective assistance of counsel as guaranteed by the Federal and State Constitutions. We have carefully considered the record in this case and find no evidence to support such a contention. The lack of effective representation of counsel means representation so lacking in competence that it becomes the duty of the court or the district attorney to observe it and correct it. Williams v. Beto (CCA 5), 354 F2d 698, 704. As was said in that case, "It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for a conference and preparation

. . . Lawyers are not required to be infallible . . . the ability and faithfulness of an attorney is not to be judged by whether he won or lost the verdict." In Odom v. United States (CCA 5), 377 F2d 853, 859, the court observed: "The Constitution, it must be remembered, commands a battle, but not a victory." The record in this case shows that trial counsel ably represented the defendant. It does not appear that his representation of the accused was merely perfunctory, a sham, a pretense or in bad faith. Nor was the trial in any sense a farce or a mockery of justice. Counsel for the accused *did* engage in a battle for the rights of the accused, and the mere fact that defense counsel failed to make objection to evidence, failed to move for a mistrial, failed to apply some other tactic, or did some things contrary to the judgment of present counsel representing the accused, does not justify applying to him the brand of incompetence.

11. There being no error of law and the evidence authorizing the verdict, the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
ARGUED OCTOBER 14, 1970—DECIDED JANUARY 7, 1971—
REHEARING DENIED JANUARY 21, 1971.

*Henry L. Young, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight, William M. Weller, Joel M. Feldman, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.