## 26510. HARRIS v. STYNCHCOMBE.

FELTON, Justice. For the history of this case, see *Harris v. State,* 214 Ga. 739 (107 SE2d 801); *Harris v. State,* 216 Ga. 740 (119 SE2d 352); and *Harris v. State,* 225 Ga. 458 (169 SE2d 331). The present appeal is from a judgment denying the petition seeking the writ of habeas corpus.

1. "Absent a proper objection and any evidence that the defendant's in-custody statement was involuntary, the admission of such statement in evidence without a hearing as to its voluntariness [as is provided for in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205)] was not error." *Watson v. State,* 227 Ga. 698 (1). In the present case, there was no objection as to the voluntariness of the statement; the only objections were as to the *manner* of introducing the statement, i. e., no proper foundation laid and calling for a conclusion of the witness. Furthermore, similar testimony was elicited by counsel on cross examination, testified to without objection by another witness, and given by the defendant himself in his statement to the jury. Moreover, as the trial judge ruled, the case against the defendant was so overwhelming that any error in admitting the evidence without first conducting a hearing out of the presence of the jury was harmless beyond a reasonable doubt, under the rule of Chapman v. California, 386 U. S. 18 (2) (87 SC 824, 17 LE2d 705), applied in *Hill v. Stynchcombe,* 225 Ga. 122, 126 (166 SE2d 729), and Harrington v. California, 395 U. S. 250 (89 SC 1726, 23 LE2d 284). That the verdict was amply authorized by the evidence, is illustrated by the fact that appellant expressly waived the general grounds of his motion for a new trial on his first appeal from his conviction. See *Harris v. State,* 214 Ga. 739 (3), supra. Enumerated errors 1, 2 and 5 are without merit.

2. Enumerated errors 3, 4 and 6 all complain of the alleged denial of defendant's right to testify in his own behalf with the assistance of counsel, guaranteed by *Code Ann.* § 38-415 as interpreted in Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783). The record shows that the defendant indicated that he wished to make a statement; that the court instructed him

in terms of § 38-415; that he did not object to making an unsworn statement; that he did not offer himself to be sworn as a witness in his own behalf or to have his counsel examine him as a witness or unsworn; that no constitutional attack was made upon either *Code Ann.* § 38-415 or § 38-416; and that, as stated in the trial court's order, defendant was represented by "skilled, competent trial counsel, well known to the court." Under these circumstances, there was no denial of the defendant's alleged rights. See *Holley v. Lawrence,* 194 Ga. 529, 532 (22 SE2d 154), appeal dismissed, 317 U. S. 518 (63 SC 394, 87 LE 434); Ferguson v. Georgia, supra (1); Roberts v. Dutton, 368 F2d 465, 473. These enumerated errors are therefore without merit.

The court properly denied the application of the defendant for his release on habeas corpus.

*Judgment affirmed. All the Justices concur.*
SUBMITTED MAY 10, 1971—DECIDED JULY 9, 1971.

*Elizabeth R. Rindskopf, William H. Traylor,* for appellant.
*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman,* for appellee.