47154. WYNN v. THE STATE.

HALL, Presiding Judge. The defendant appeals from his conviction for the possession and sale of narcotics.

1. The defendant contends that the trial judge erred in failing to grant his motion for a mistrial. Out of the hearing of the jury, defendant's counsel informed the court that the defendant intended to make an unsworn statement. After the jury returned to the room the defendant took the stand. At that point the trial judge addressed the

defendant: "Now the law gives the defendant in a criminal case the right to appear and be sworn as a witness in his own defense. And, in that event, your lawyer will be permitted to ask you appropriate questions and the district attorney will be permitted to cross examine you on relevant matters. That testimony will be given under oath. Or, the defendant is given the opportunity of making an unsworn statement. In that event, as the term implies, you will not be sworn and you will be permitted to make to the court and jury just such statement as you deem proper in your own defense. You would not be asked any questions by your attorney and you would not be subject to any cross examination by the district attorney. I wanted to be certain that you understood your options and your legal and constitutional rights. As I understand from your attorney, Mr. Calhoun, you have elected to make an unsworn statement. Now is that your choice?"

After the court's statement, counsel for the defendant made a motion for a mistrial which was overruled. The defendant contends that this statement was prejudicial comment on his failure to testify under oath.

The court did not err in denying the motion for a mistrial. "The mere fact that the jury is made aware that the defendant is making an unsworn statement does not result in reversible error. See *Waldrop v. State,* 221 Ga. 319 (7) (144 SE2d 372); *Hammond v. State,* 225 Ga. 545, 546 (170 SE2d 226). Indeed, a jury composed of intelligent persons would be presumed to be aware that the defendant has not been sworn." *Massey v. State,* 226 Ga. 703 (2) (177 SE2d 79). While *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526), supports the appellant's contention, it must yield to the above decisions by the Supreme Court. *Code Ann.* § 2-3708.

As to the other language in the statement of the trial judge, see *Harris v. State,* 118 Ga. App. 769 (3) (165 SE2d 462); *Dye v. State,* 118 Ga. App. 570 (2) (165 SE2d 183); *Jackson v. Brown,* 118 Ga. App. 558 (164 SE2d

450). It should also be noted that, unlike most of the cases cited, this one does not involve a charge of the court to the jury but a statement by the trial judge informing the defendant of his rights under the law of Georgia. As to past confusion on this subject, see *Dukes v. State,* 109 Ga. App. 825, 829 (137 SE2d 532); *Williams v. State,* 220 Ga. 766 (141 SE2d 436); *Williams v. State,* 111 Ga. App. 588, 592 (142 SE2d 409).

2. The other enumerations of error are without merit.

*Judgment affirmed. Eberhardt, P. J., Deen and Stolz, JJ., concur. Clark, J., concurs specially. Bell, C. J., Pannell, Quillian and Evans, JJ., dissent.*

ARGUED MAY 3, 1972—DECIDED SEPTEMBER 28, 1972—REHEARING DENIED OCTOBER 31, 1972—

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.

*R. William Barton, District Attorney,* for appellee.

CLARK, Judge, concurring specially. Initially I concurred in the reversal opinion on the authority of *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526). I was further influenced by the views expressed in *Pickler v. State,* 220 Ga. 224 (138 SE2d 171) where the Supreme Court reversed a conviction because the trial judge charged the alternatives open to an accused in the exact language of *Code Ann.* § 38-415. This was followed by our court in *Cameron v. State,* 123 Ga. App. 284 (180 SE2d 555). I recognize the difference between the case at bar in which we have the judge voluntarily advising an accused as to his rights upon taking the witness stand by reciting to him in the presence of the jury the alternatives from this code section, whereas in *Pickler* the reversal was based on the charge being "not adapted to the record and not applicable in a case *where the accused testified as a witness.*" (Emphasis supplied.) Nevertheless, I had at that time considered the discussion on p. 225 of the *Pickler* opinion with reference to the advantage of sworn testimony over an unsworn statement to be applicable to

the case at bar when the trial judge reviews such alternatives with the accused in the presence of the jury. If our Supreme Court gave such importance to this difference, then certainly laymen serving as jurors would be impressed even more when hearing the instruction to the accused as to the alternatives if defendant thereafter elects to give an unsworn statement.

Upon further study, however, I decided to reverse my position. My change of mind[1] came about because I decided we were bound to follow certain opinions by the Supreme Court in addition to their *Waldrop, Hammond* and *Massey* cases. The additional Supreme Court cases which indicate correctness of the action taken by the trial judge in this case are:

(1) *Harris v. Stynchcombe,* 227 Ga. 763 (2) (183 SE2d 205) was an instance where "The record shows that the defendant indicated that he wished to make a statement; that the court instructed him in terms of § 38-415; that he did not object to making an unsworn statement; that he did not offer himself to be sworn as a witness in his own behalf or to have his counsel examine him as a witness or unsworn; that no constitutional attack was made upon either *Code Ann.* § 38-415 or § 38-416 . . ." It was held there was no denial of defendant's alleged rights.

(2) *Hart v. State,* 227 Ga. 171 (5) (179 SE2d 346) where the charge approved was "The defendant's statement is not under oath and it shall have such force only as the jury may think right to give it. The jury may believe it in part, they may believe it as a whole or they may reject it as a whole or you may believe it in preference to the sworn testimony in the case and acquit the defendant."

(3) *Hunsinger v. State,* 225 Ga. 426, 428 (169 SE2d 286). Here the defense counsel stated to the court: "The defend-

---

[1]L'homme absurde est celui qui ne change jamais (The absurd man is he who never changes)—Auguste Marseille Barthelemy: Ma Justification (1832) as quoted in Bartlett's Familiar Quotations (13th Ed.) (1955), p. 444.

ant is going to take the stand to make an unsworn statement. We request the court to inform him of his rights in this regard. That is, of any defendant in a criminal case." In advising defendant the trial judge limited his explanation to that portion of the Code Section dealing with the unsworn statement. Defense counsel contended that he should not have thus limited it, as the result was that defendant was not instructed as to all of his rights. The Supreme Court said that competent counsel having announced defendant was going to make an unsworn statement it was not error to confine the instructions to this portion of the statute.

(4) *Abrams v. State,* 223 Ga. 216 (154 SE2d 443) was similar to *Hunsinger* in that at p. 222 it is contended that there was error in that "the court, prior to defendant making an unsworn statement, failed to correctly advise and instruct him as to his right to have the assistance of counsel and to present evidence in his defense in violation of the 6th and 14th amendments to the United States Constitution and *Code Ann.* § 38-415 . . . in that he failed to instruct the defendant that he had a right to testify under oath as a witness in his own behalf." The court ruled no error in that "so far as the record shows the prisoner voluntarily took the stand to make an unsworn statement. He did not announce in open court his intention to testify, as required by the statute. He was represented by competent counsel, and we can assume that defendant elected to make an unsworn statement after consultation and upon advice of his counsel."

In the writing of this concurring opinion, I have not dealt with the numerous decisions of our Court of Appeals which have been rendered since the General Assembly sought to meet the decision of Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783) by amending *Code* § 38-415 to add the language of Ga. L. 1962, pp. 133, 134. Suffice it to quote from Emory Professor William H. Agnor's article in 23 Mercer L. Rev. 126, when in reviewing developments during the previous year in the field of criminal law, he said:

"This provision [forbidding comment because of accused's failure to testify under oath] is still producing problems, along with other problems in regard to the sworn statement." The instant division in our court is confirmatory of Professor Agnor's comment as the courts seek to protect a privilege given the accused by our statute without infringement upon defendant's right to a fair trial.

QUILLIAN, Judge, dissenting. In *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526), it was held: "The defendant having made an unsworn statement to the court and jury in his defense, the court erred in charging the jury to the effect that the defendant had the right to testify under oath as any other witness. . . and in connection with such charge stating to the jury, '*Now, the defendant in this case elected to make an unsworn statement.*' . . 'The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure.' The court erred in overruling the second special ground of defendant's motion for a new trial assigning error because of such charge." (Emphasis supplied.) Under that which was held in the *Lynch* case it was error to fail to grant a mistrial.

I am authorized to state that Chief Judge Bell and Judges Pannell and Evans concur in this dissent.