## 47422.   HIGHLAND v. THE STATE.

DEEN, Judge. 1. The defendant was convicted of voluntary manslaughter on an indictment charging him with murder. The homicide was not denied and it appears from the testimony of various witnesses and the defendant's statement that he and four or five other persons, mostly related, had been drinking for an extended period of time and some or all of them were quite beyond the bounds of sober judgment. Finally, one Carl Rice, taking offense at a remark by L. M. Brown, fought and downed him; Brown called for help and the defendant entered with a pistol, called on Rice to stop hitting his opponent who was on the floor beneath him, and when Rice refused to respond, fired once or twice at the ceiling and then fired

two shots directly into Rice's chest. He then called the sheriff to inform him that he had killed Rice and, on the trial, pleaded justification. The court charged the jury the whole of *Code Ann.* § 26-902 on justification, including the statement that one is justified in using force intended to cause death only if he reasonably believes it necessary to prevent death or great bodily injury to himself or a third person. Exception is taken to subsection (b) which states that a person is "not justified in using force under the circumstances specified in paragraph (a) of this section" if he initially provokes the use of force against himself, is attempting to commit a felony, or was the aggressor, on the ground that none of these latter circumstances is applicable to the facts of this case.

The court also charged the provisions of *Code Ann.* § 26-901 relating to justification and instructed them that one should not be found guilty of a crime if the act was induced by a misapprehension of fact which, if true, would have justified it. The instructions as a whole were full and fair. It is generally held that it is not usually cause for a new trial that the court gives in charge an entire statutory or Code provision where a part thereof is applicable to the case, even though a part may be inapplicable under the facts in evidence. *Thompson v. Mitchell,* 192 Ga. 750 (2) (16 SE2d 540); *Pippin v. State,* 205 Ga. 316 (9) (53 SE2d 482). It was not error to instruct the jury on the exceptions to the law of justifiable homicide.

2. "The mere fact that the jury is made aware that the defendant is making an unsworn statement does not result in reversible error. See *Waldrop v. State,* 221 Ga. 319 (7) (144 SE2d 372); *Hammond v. State,* 225 Ga. 545, 546 (170 SE2d 226)." *Massey v. State,* 226 Ga. 703 (2) (177 SE2d 79). The instructions of the court which were substantially in the language of *Code Ann.* §§ 27-405 and 38-415, and which informed the jury of their right to believe any part or all of the defendant's unsworn statement in preference to the sworn testimony, were not error. See also *Wynn v. State,* 127 Ga. App. 463.

3. The defendant also complains that a statement by the court that the defendant "contends that the State has not proved his guilt to a reasonable and moral certainty and beyond a reasonable doubt . . . if you believe either of these contentions of the defendant to be the truth of the case you should acquit" is incorrect "as no mention is made of the provision that if the jury had a reasonable doubt as to the guilt of the accused they should acquit." We read this portion of the charge as clearly stating what the appellant claims was omitted but, if we are wrong here, the necessity for determining the defendant's guilt beyond a reasonable doubt was fully charged and alluded to in at least four areas of the instructions, and we are satisfied that it was clearly understood by the jury.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 14, 1972—DECIDED OCTOBER 27, 1972—
REHEARING DENIED NOVEMBER 9, 1972.

*Guy B. Scott, Jr.,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.