### 48534. SIMMONS v. THE STATE.

DEEN, Judge. Appellant was convicted of burglary and sentenced to a term of five years. On his appeal he sets forth in his brief two basic issues for decision: (1) Did the trial judge err in allowing the trial of the case to continue over appellant's objection to his court appointed counsel? and (2) Did the trial judge err in allowing the trial of the case to continue over appellant's oral statement that he did not have adequate time to subpoena his witnesses for the trial of the case at bar?

1. "It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for a conference and preparation . . ." *Hart v. State,* 227 Ga. 171 (179 SE2d 346). The trial court in ruling upon appellant's motion commented: "Defense counsel is not only a very reputable member of this Bar, but an extremely highly reputable member of this Bar, who is experienced and who has attended the court in many, many occasions previously by appointment. . ." The appointed counsel made a written demand upon the state for witnesses, made numerous objections during the trial, and from a review of the transcript of the evidence and the record we cannot say the trial court abused its discretion in determination of the competence of appointed counsel. Code Ann. § 27-3207 (Ga. L. 1968, pp. 999, 1004.) This contention is without merit.

2. Counsel had been appointed for appellant for a period of 30 days before commencement of trial. At the beginning of the trial defendant asked for a continuance so that he could subpoena two witnesses, that he only knew their first names, one being Susan and the other Herman and that he didn't know their addresses. He informed the court that Susan lived in the 1300 block of Amherst Street. The trial court has a broad discretion and did not err in overruling this motion. *Brown v. State,* 76 Ga. App. 7 (45 SE2d 80). We find no error therefore the judgment of the trial court must be affirmed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Submitted September 11, 1973 — Decided September 27, 1973— Rehearing denied October 24, 1973.

*Nathan & Nathan, Ivan H. Nathan,* for appellant.

*Glenn Thomas, Jr., District Attorney, Cletus W. Bergen, II, Robert A. Barnaby, II,* for appellee.