## 28631. FULLER v. THE STATE.

MOBLEY, Chief Justice. Johnny Fuller was jointly indicted with Patrick A. Barrow and James Warren Perkins for the murder of Cindy Greene, and for theft by taking. On his separate trial, Fuller was convicted on both charges and given life imprisonment on the murder charge and twelve months in the public works camp on the theft charge, the two sentences to run concurrently. He appeals from his conviction and sentence and from the denial of his motion for new trial.

1. The appellant contends that the evidence was insufficient to support the verdict. He asserts that the evidence shows that he was merely present with his co-indictees when Barrow fired the fatal shot, and that there is no evidence that he was a participant in the murder.

In *Perkins v. State,* 231 Ga. 680, where the conviction of a co-indictee, James Warren Perkins, was reviewed, this court considered evidence similar to that in the present case, in deciding the same contention made by Perkins, and determined that the evidence was sufficient to find that each of the co-indictees, by his conduct, encouraged, aided and abetted in the firing of the shots at the automobile occupied by the deceased and her companions.

The evidence in the present case was sufficient to authorize the conviction of the appellant for the offenses of murder and theft by taking.

2. The appellant asserts that the court erred in minimizing and discrediting the appellant's unsworn statement. The following conversation occurred between the court and counsel for the

appellant in the presence of the jury: "By the court: You've explained to him what he can do now, Mr. Mull? By Mr. Mull: Yes, sir. By the court: And let him make his choice? By Mr. Mull: He will make a statement, your honor. By the court: Y'all have discussed it and what he wants to do is just make an unsworn statement to the jury? Is that right? By Mr. Mull: That's right, your honor." It is contended that the words *"Just* make an unsworn statement" minimized the appellant's statement, contrary to the prohibition in Code § 38-415, as amended by Ga. L. 1962, pp. 133, 134 (and prior to Ga. L. 1973, pp. 292, 294), providing, in part, that: "The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure."

"The mere fact that the jury is made aware that the defendant is making an unsworn statement does not result in reversible error." *Massey v. State,* 226 Ga. 703 (2) (177 SE2d 79). The trial judge in the present case did not comment on the right of the appellant to give sworn testimony, and the words used by the trial judge did not amount to a comment on his failure to testify. Compare: *Waldrop v. State,* 221 Ga. 319 (6) (144 SE2d 372); *Hammond v. State,* 225 Ga. 545 (2) (170 SE2d 226). Furthermore, no motion for mistrial was made because of the alleged improper comment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 1, 1974 — DECIDED MARCH 7, 1974.

*William C. Mull,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., James W. Smith, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.