## 50231. CORDER v. THE STATE.

CLARK, Judge.

This appeal is from a conviction on three counts, which were violations of the Georgia Drug Abuse and Control Act, aggravated assault and simple assault. As the overruling of the general grounds of a motion for new trial were not argued, we limit our decision to the four enumerations which allege specific errors.

1. The first enumeration contends error in the court's explanation to the defendant as to his rights after his counsel had stated "the defendant wishes to make an unsworn statement." Appellant complains of the trial judge informing appellant in the jury's presence that "You may make an unsworn statement to the jury and no one can ask you any questions and no one can cross examine you." This was nothing more than a statement informing the defendant of his rights under the law of Georgia as it then existed. Such action has been ruled to be proper. *Harris v. Stynchcombe,* 227 Ga. 763 (2) (183 SE2d 205); *Hunsinger v. State,* 225 Ga. 426, 428 (8) (169 SE2d 286); *Abrams v. State,* 223 Ga. 216, 222 (5) (154 SE2d 443).

2. The second enumeration avers the trial court erred in the instruction given to the jury on the

defendant's right to make an unsworn statement and the effect thereof. The language used by the court conformed to that approved in *Waldrop v. State,* 221 Ga. 319, 323 (7) (144 SE2d 372); *Hammond v. State,* 225 Ga. 545, 546 (170 SE2d 226); *Massey v. State,* 226 Ga. 703 (2) (177 SE2d 79); and *Highland v. State,* 127 Ga. App. 518, 519 (2) (194 SE2d 332). No error.

3. The remaining enumerations assert error in the court failing to instruct the jury on the provisions of Code Ann. §§ 26-705 and 26-902.

As the testimony shows appellant was the aggressor, a charge of justification as a defense as contained in Code Ann. § 26-902 was not necessary in the absence of a request. See *Johnson v. State,* 122 Ga. App. 542, 543 (2) (178 SE2d 42) and *Howard v. State,* 128 Ga. App. 807 (3) (198 SE2d 334). Furthermore, the court instructed the jury that in order for there to be a conviction for aggravated assault, the state was required to show that the shooting "was done not in self-defense or under circumstances of justification." (T. 160).

As to the other Code Section (§ 26-705) which deals with acts done under a misapprehension of fact, the court did not err in failing to charge concerning a mistake of fact under the evidence presented below and in the absence of a written request.

4. Under the bifurcated trial procedure then in force the jury entered sentences of 2 years, 10 years and 1 year, respectively. In doing so the verdicts were silent as to whether the three sentences were to be served consecutively or concurrently. The trial judge interpreted the verdicts as an intention by the jury for the sentences to run consecutively for a total of 13 years and entered judgment accordingly. This was done on February 15, 1973. (R. 11). In September of that year our Supreme Court ruled in *Wade v. State,* 231 Ga. 131 (200 SE2d 271) that under these circumstances the sentences were to run concurrently. That opinion also pointed out on pages 133 and 134 that in such situation a new sentence could be imposed by the trial judge at any time. Accordingly, on remand the trial court is directed to make the sentences run concurrently in conformance with *Wade v. State,* supra.

*Judgment affirmed with direction. Pannell, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED MARCH 18, 1975.

*Al Bridges,* for appellant.

*Richard Bell, District Attorney, Hardaway Young, III, Assistant District Attorney,* for appellee.