### 24435. ALLEN v. CALDWELL, Warden.

NICHOLS, Justice. Ambry D. Allen, Jr. filed a petition seeking his release from custody under a sentence resulting from his plea of guilty of larceny of an automobile, the prisoner's contention being that such plea of guilty was induced by promises made by a now deceased solicitor general of the Atlanta Judicial Circuit. The record discloses that the prisoner entered pleas of guilty to a series of indictments and received sentences of not less than 5 years and not more than 5 years on each indictment to run concurrently, except one, and that on the remaining indictment he received a "five to five," sentence to be served by his being incarcerated for two years with the remaining three years suspended, the last sentence to be served after the sentences designated to be served concurrently. On the trial of the issue made by the habeas corpus petition the trial court remanded the petitioner to the custody of the Warden of Stone Mountain Prison Branch and it is from this judgment adverse to him that the prisoner appeals. *Held:*

Pretermitting the question of whether the testimony adduced at the hearing as to communications with the now deceased solicitor general by the prisoner and others was admissible or had probative value, the prisoner testified, as did his witnesses, that at the time the guilty plea was entered he was represented by employed counsel, he had been advised by the trial court as to the sentence he would receive if he pleaded

guilty, and that he did receive the exact sentence promised by the court when he entered his plea of guilty in open court. Under such circumstances, although the prisoner presented testimony of a promise by the solicitor general to have a part of the sentence remitted, it must be held that the trial court was authorized to find that the plea of guilty was freely and voluntarily entered at a time when he understood the nature of the charges against him, knew the punishment he was to receive, was represented by employed counsel and intelligently and understandingly waived his right to a jury trial. Compare Townsend v. Dutton, 377 F2d 539.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1968—DECIDED JANUARY 18, 1968.

*Hester & Hester, Frank B. Hester,* for appellant.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.