447 F.2d 1302
 David BRIGGS, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 71-1510 Summary Calendar.*
*(1) Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d
409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. ,13, 1971.
 
 David Briggs, pro se.
 Crawford C. Martin, Atty. Gen., Larry J. Craddock, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Appeal from the United States District Court for the Western District of Texas; Jack Roberts, District Judge.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Briggs, a prisoner of the State of Texas, has taken this appeal from the district court's denial of his petition for habeas corpus relief. We affirm.
 
 
 2
 Appellant is confined by authority of a life sentence imposed on February 16, 1968, following a jury conviction for murder with malice. There was no direct appeal. After considering evidence contained in affidavits filed pursuant to 28 U.S.C.A. 2246, the district court below denied habeas relief on the ground that Briggs intentionally bypassed his state remedy of direct appeal from the conviction. See Fay v. Noia, 1963, 372 U.S. 391, 438-440, 83 S.Ct. 822, 9 L.Ed.2d 837. This holding was based on facts stated in the affidavit of one of the appellant's former court-appointed counsel. That affidavit indicated positively that Briggs knowingly and intentionally waived his right to take a direct appeal. It stated that at Briggs' request, counsel first had attempted to bargain with the State for a life sentence on a guilty plea, but that the prosecutor refused to accept this offer and sought the death penalty at trial. After rendition of the verdict, in which the jury imposed a life sentence, the appellant, according to his attorney's affidavit, waived all delays and received his sentence immediately. Counsel alleged that he fully advised Briggs of his direct appeal rights, whereupon appellant reportedly said, 'Why on earth would I appeal a case that I have won?..' He then expressed his appreciation to his counsel for their representation of him.
 
 
 3
 We find no error in the determination by the district court that Briggs intentionally bypassed his right to appeal. The district court accepted as true the detailed and specific affidavit testimony of the attorney, rather than the conclusory allegations contained in the affidavit of appellant, and the court was not clearly erroneous in so doing. See Tyler v. Beto, 5 Cir. 1968, 391 F.2d 993, cert. denied, 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574; cf. McGarrah v. Dutton, 5 Cir. 1967, 381 F.2d 161. On the basis of this affidavit evidence, it would be hard to imagine a more definite and intentional waiver. See Henderson v. Heinze, 9 Cir. 1965, 349 F.2d 67; Watkins v. Crouse, 10 Cir. 1965, 344 F.2d 927. The judgment is therefore
 
 
 4
 Affirmed.