## 26723. SMITH v. SMITH.

NICHOLS, Justice. The appellant is confined under sentence as the result of a plea of guilty of voluntary manslaughter on an indictment for murder. A petition for a writ of habeas corpus was filed by the prisoner and after hearing evidence the trial court remanded the prisoner to custody. It is from this judgment that he appeals. *Held:*

1. There was no showing that the prisoner had requested or had served any subpoenas for any witnesses he desired to use on the hearing and the refusal of the trial court to require the presence of unnamed witnesses was not error. As to the procedure, etc., to procure the testimony of witnesses at such a hearing, see *Neal v. Smith,* 226 Ga. 96 (172 SE2d 684), and citations.

2. It was not error to admit in evidence the certified transcript of the record of the hearing wherein the prisoner pleaded guilty to voluntary manslaughter.

3. The record discloses that the prisoner was represented by employed counsel at the time he entered his plea of guilty. There was evidence that at the time the plea of guilty was entered the prisoner understood the charge against him, the sentence that could be imposed, that he

was not under the influence of alcohol, drugs, narcotics or other pills, that he had not been promised anything or been threatened in any way to enter such plea, that he had ample time to consult with his attorney and was satisfied with such attorney, had had ample time to subpoena any witnesses he desired, that he was in fact guilty and that the questions and answers had been fully explained to him.

Under the above circumstances it was not error to find that the plea of guilty was voluntarily entered and the judgment remanding the prisoner to custody was not error for any reason assigned. See *Allen v. Caldwell,* 224 Ga. 47 (159 SE2d 289).

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 7, 1971.

William R. Smith, Sr., *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.