## 26788.   FARMER v. SMITH.

NICHOLS, Justice. This is an appeal in a habeas corpus case from a judgment remanding the prisoner to custody. *Held:*

1. "Mere allegations that one has been denied a constitutional right, without setting forth facts substantiating a violation of such right, is not a sufficient reason for setting aside a sentence on habeas corpus." *Salisbury v. Grimes,* 223 Ga. 776 (1) (158 SE2d 412). Accordingly, the bare allegations of the prisoner's petition that certain constitutional rights were violated without any facts

being alleged in support thereof present no grounds to set aside the prisoner's conviction.

2. The contention that the defendant was denied representation by counsel is without merit where the record discloses that he was represented by counsel.

3. While the three convictions of the defendant may, as contended by him, have arisen out of the same course of conduct, each is a separate crime and depending on facts of the case may or may not constitute a case where a lesser crime is included in a greater crime. However, since the defendant pleaded guilty, while represented by counsel, to all three crimes it must be assumed that the pleas were voluntarily entered and the facts were such that the sentences as to each count of the indictment were valid. Compare *Allen v. Caldwell*, 224 Ga. 47 (159 SE2d 289); *Sharp v. Smith*, 225 Ga. 52 (165 SE2d 656); *Johnson v. Smith*, 225 Ga. 519 (169 SE2d 812).

4. The trial court did not err in remanding the prisoner to the custody of the Warden of the Georgia State Prison, Reidsville, Georgia.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 12, 1971—DECIDED NOVEMBER 5, 1971.

Marvin Farmer, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Daniel Dubberly, Jr., W. Hensell Harris, Jr., Deputy Assistant Attorneys General,* for appellee.

