**William H. JAMES, Petitioner-Appellant,**

**v.**

**S. Lamont SMITH et al., Respondent-Appellee.**

No. 72–1924

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1972.

William H. James, pro se.

Arthur K. Bolton, Atty. Gen., William F. Bartee, Jr., Asst. Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

* Rule 18; 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**380**

PER CURIAM:

This is an appeal from the denial of habeas corpus relief to William H. James, a prisoner of the State of Georgia. We affirm the ruling below.

On a previous appeal, we vacated the order denying relief to James, and remanded the case for reconsideration in light of Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, and "for whatever further evidentiary proceedings may be deemed warranted." James v. Smith, 5th Cir. 1972, 455 F.2d 502.

The appellant has contended that he entered into a "plea bargain" to plead guilty to involuntary manslaughter, whereas he actually was required to plead guilty to voluntary manslaughter, for which a longer prison sentence can be and was imposed.

The district court found as a matter of fact, on remand, that no such plea bargain was entered into. This ruling was based on the transcript of the proceedings at which the plea was proffered and accepted, on the affidavit of appellant's former, privately retained counsel, and on the affidavit of the former prosecutor. See 28 U.S.C. § 2246; Briggs v. Beto, 5th Cir. 1971, 447 F.2d 1302. These two attorneys both swore that there was no such plea bargain. The appellant was granted 20 days in which to file interrogatories to the two attorneys, as authorized by 28 U.S.C. § 2246, but he declined to do so.

 We hold that the findings of fact of the district court were not "clearly erroneous." Rule 52(a), F.R.Civ.P. Nor do we believe that the district court erred in not conducting an evidentiary hearing. The court had before it the verified habeas petition of the appellant versus the diametrically opposed affidavit evidence of the respondent. Moreover, these affidavits were amply corroborated by the transcript of the proceedings at which James pled guilty and was sentenced. The judgment below is affirmed.

Affirmed.