Marvin **FARMER**, Petitioner-Appellant,

v.

E. B. **CALDWELL**, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellee.

No. 72–2250.

United States Court of Appeals, Fifth Circuit.

March 23, 1973.

Samuel M. Davis, Asst. Professor of Law, University of Georgia, Athens, Ga., Court-appointed for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Courtney Wilder Stanton, David L. G. King, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before ALDRICH,* SIMPSON and CLARK, Circuit Judges.

SIMPSON, Circuit Judge:

Marvin Farmer appeals from the district court's decision denying habeas corpus relief under Title 28 U.S.C. Section 2254. We affirm.

The petitioner-appellant is a Georgia State Prison system inmate. He was arrested on May 25, 1969 and indicted for rape, burglary and assault with intent to murder. On July 24, 1969 he entered a plea of guilty to each of the three offenses charged and thereupon was sentenced to three consecutive terms of imprisonment of three years each for a total custodial sentence of nine years. Farmer was represented by court-appointed counsel when he tendered his guilty pleas. Nevertheless, he later filed habeas corpus proceedings in the state court pursuant to Georgia's post-conviction relief statute, Ga.Code Ann. Section 50–127 (1971 Supp.), alleging (1) that the assistance of such counsel was ineffective, (2) that his pleas of guilty were coerced and involuntary, and (3) that the consecutive sentences imposed were invalid because they were based on a single course of conduct instead of three separate acts.

An evidentiary hearing was held at which petitioner-appellant appeared without the assistance of counsel and was his only witness. He stated that he had no other evidence to offer. The only evidence the respondent introduced was copies of the accusations and judgments under which Farmer was convicted. The state habeas court denied relief. Specifically, the court found (1) that the record did not support the allegation of ineffective assistance of counsel because petitioner-appellant accepted counsel, made no protest of the appointment, had in fact been represented by a proper and competent attorney, and failed to carry the burden of proof by offering any evidence to substantiate his contention to the contrary; (2) that from petitioner-appellant's own testimony the pleas of guilty were voluntary because calculated on a serious thought and consideration on the part of petitioner of the possible consequences of a death sentence or a sentence to life imprisonment following a guilty verdict as opposed to nine years imprisonment as a result of his guilty pleas; and (3) that the three consecutive sentences were validly imposed because they charged three separate criminal acts, even though they may have arisen at the same time from the same course of conduct. The Supreme Court of Georgia affirmed. Farmer v. Smith, 1971, 228 Ga. 310, 185 S.E.2d 384.

Farmer thereupon filed his habeas petition in the district court below. The district court denied relief without conducting a further evidentiary hearing, relying instead solely on the transcript of the state habeas evidentiary hearing and the findings and order thereon of the state judge, together with the rather sparse record of the original convictions from the trial court, consisting of the bench notes made on a form filled out by the trial judge relative to the guilty plea proceedings. The district judge concluded that appellant had neither alleged nor established by convincing evi-

* Hon. Bailey Aldrich, Senior Circuit Judge of the First Circuit, sitting by designation.

dence that the factual determinations by the state court were erroneous in any respect, although the habeas judge gave Farmer every opportunity to make such proof. Moreover, the district judge found independently on the state record that appellant had in fact with full knowledge of his legal rights and with the assistance of counsel, purposely pled guilty to avoid the vagaries of trial and possibility of more harsh consequences.[1]

On appeal, petitioner-appellant urges first, that the district court erred by neglecting to hold a full evidentiary hearing on the issues raised in his petition for writ of habeas corpus because (1) the merits of the factual dispute surrounding the guilty pleas were not resolved at the state hearing and (2) the fact-finding procedure employed by the state court was inadequate to afford a full and fair hearing; and, second, his guilty pleas were neither voluntary nor entered with the knowledge or the understanding of their consequences. If there is merit to either of petitioner-appellant's contentions as to the adequacy of the state habeas proceedings an evidentiary hearing was required of the federal habeas court, Townsend v. Sain, 1963, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770, 786; Title 28 U.S.C. Section 2254. If his guilty pleas were not voluntarily and understandingly entered we would be constrained to direct that the writ be granted with directions that he be permitted by Georgia courts to plead anew to the charges. Boykin v.

Alabama, 1969, 395 U.S. 238, 243–244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–280, Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 8 L.Ed. 1461.

The federal habeas court may rely on the record in the state court in lieu of an independent hearing if the state court proceedings were full and fair. Townsend v. Sain, supra; Dillard v. Smith, 5 Cir. 1970, 430 F.2d 1294; Chisholm v. Wainwright, 5 Cir. 1970, 427 F.2d 1138; Ryan v. Wainwright, 5 Cir. 1970, 424 F.2d 198; Walker v. Wainwright, 5 Cir. 1969, 409 F.2d 1311. Furthermore, the state court's findings are presumed to be correct, Title 28 U.S.C. Section 2254(d),[2] and if the state court did not make express findings of fact, the district court may determine whether the state court impliedly found material facts. And if the state court failed to articulate the constitutional standards applied, the district court may presume that the state court applied correct criteria in the absence of evidence that an incorrect standard was applied. Townsend v. Sain, supra; Dempsey v. Wainwright, 5 Cir. 1973, 471 F.2d 604.

The district court reviewed the transcript of the state habeas evidentiary hearing, including the uncontradicted assertion by appellant that his pleas of guilty were coerced by the three months[3] he spent in jail awaiting trial without visitors or a conference with his attorney, and his testimony as to the threats and abusive treatment he was

---

1. At the time of Farmer's guilty pleas the maximum penalty for rape was death, Ga. Code Ann. § 26–2001; for burglary it was 20 years imprisonment, Ga.Code Ann. § 26–1601; and for assault with intent to murder the maximum was 10 years imprisonment, Ga.Code Ann. § 26–1302.

2. Title 28 U.S.C. Section 2254(d) provides in pertinent part:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jur-

isdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, * * *

3. The time elapsing between arrest and arraignment was actually only two months, May 25 to July 24, 1969. The record shows that the indictment was returned, counsel was appointed and the arraignment and guilty pleas all took place July 24. The record is not entirely clear as to whether sentencing occurred that day or the following day, July 25.

subjected to by his jailers as part of an effort to induce those pleas.

Determinations of the credibility of testimony rest with the trier of facts, who is not bound to accept testimony even where it is not contradicted. Hawk v. Olson, 1945, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61; Lujan v. United States, 5 Cir. 1970, 431 F.2d 871, 872. Here both the state habeas and the federal district court below rejected that portion of petitioner-appellant's testimony, electing instead to credit and accept as the actual motivation for the guilty pleas his testimony that he wanted to avoid the possibility of a punishment of death or life imprisonment if convicted by pleading guilty and hoping for a "light" sentence: (Questions by the court)

Question: But that was the reason you decided to enter your plea of guilty to . . .

Answer: [Petitioner] To help myself.

Question: . . . to get a lesser sentence than you might . . .

Answer: Yes, sir.

Question: . . . would have gotten if you had gone before the Jury?

Answer: Yes, sir.

Since this finding is nowhere contradicted by the record and is not otherwise shown to be clearly erroneous, we find no error in the district court's conclusion that these pleas were made understandingly and voluntarily to avoid the possibility of a death sentence. *Dempsey,* supra; *Lujan,* supra. This motivation would not vitiate the pleas of guilty. North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Jenkins v. Beto, 5 Cir. 1971, 442 F.2d 655, 656.

Appellant argues, however, that his pleas were void because tendered without the *effective* assistance of counsel. It is only to the issues of voluntariness and understanding that inquiry may be made of the role of counsel in an attempt to impeach a plea of guilty, Colson v. Smith, 5 Cir. 1971, 438 F.2d 1075, 1078, and we perceive no error in the lower court's conclusion that the petitioner failed to meet his burden of showing his counsel was, in fact, ineffective. O'Neal v. Smith, 5 Cir. 1970, 431 F.2d 646, 647–648. The record contained in the contemporaneously made notes of the sentencing judge, the gist of the colloquy between the defendant and his court-appointed counsel and the court, and indicates that defense counsel did have a "satisfactory consultation" with the defendant.[4] James v. Smith, 5

---

4. We set out here in full the form filled out by the state trial judge, Judge Harold R. Banks. The form, consisting mainly of questions to the defendant and his counsel was mimeographed with blanks left to fill in the answers. Judge Banks recorded the answers by hand, as indicated in italics:

THE STATE     CASE No.: *7–10,173*
    VS.     Criminal Division
*Marvin Farmer*     CLAYTON SUPERIOR COURT

The defendant *Marvin Farmer* was arraigned in open court this date and his (appointed) counsel *Robert Montgomery* was present when the following questions were asked and the indicated answers given:

1. What is your name? *Marvin Farmer*

2. You are charged with the offense of *Rape, Burglary, Assault with Intent to Murder.* Has your attorney discussed this offense as stated in the indictment with you? *Yes.*

3. Do you understand the nature of the charge against you? *Yes.*

4. Can you read and write? *Yes.*

5. How far did you proceed in school? *10th.*

6. Do you understand you have the right to plead either "Guilty" or "Not Guilty"? *Yes.*

7. Do you understand that if you plead "Not Guilty" you will be entitled to a trial by jury, but in the event you plead "Guilty", this court will impose such sentence as it feels satisfactory under the law? *Yes.*

Cir. 1972, 465 F.2d 379 [1972]. Given the motivation behind the pleas and the complete absence of proof as to the ineffectiveness of counsel we find that the record before the court below was sufficiently complete to conclude that petitioner-appellant's pleas were not only voluntarily but also knowingly and intelligently made.

Affirmed.

*Death, Life, 1–20 years -Rape, 1–20, Burglary, 2–10 Assault with intent to Murder.*

8. Do you understand that the penalty for conviction of this offense is from _____ to _____ years imprisonment in the penitentiary? *Yes.*

9. Do you wish to enter a plea at this time? *Yes.*

10. How do you plead, Guilty or Not Guilty? *Guilty.*

11. Has anyone promised you a lesser sentence or easier treatment or threatened you in any way into making a guilty plea? *No.*

12. Mr. *Montgomery* as attorney for the defendant, have you had a satisfactory consultation with the defendant and explained to him his statutory and constitutional rights? *Yes, I have.*

13. Mr. *Montgomery*, after consulting with the defendant and examining the indictment, do you know of any reason that should act to prevent the defendant from entering a plea of "guilty" or this court from accepting such plea? *No. I do not.*

14. Let the defendant enter his plea and I will have a presentence investigation made before sentence is imposed.

The above questions were asked and the answers indicated given this *25* day of *July*, 1969.

*Harold R. Banks*
Judge, Superior Court
Clayton Judicial Circuit

I was present in open court and heard the above questions asked and the answers given as stated above.

*H. Eugene Brown*
Solicitor-General
Clayton Judicial Circuit

Sworn to and subscribed before me this *24* day of *July*, 1969.
*William H. Ison*
Clerk, Clayton Superior Court
Notary Public