Tyrone Kenneth JACKSON,
P–0844, Petitioner,

v.

James HOWARD, Superintendent, State Correctional Institution,
Respondent.

Civ. A. No. 75–719.

United States District Court,
W. D. Pennsylvania.

Nov. 17, 1975.

Ted Hopkins, Asst. Federal Public Defender, Pittsburgh, Pa., for petitioner.

Robert L. Campbell, Asst. Dist. Atty., Frederick R. Nene, Deputy Atty. Gen., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is a habeas corpus proceeding in which a state penal inmate was tried by a court and jury and was convicted of first degree murder and sentenced to life imprisonment.

The penal inmate is most thoroughly informed and advised as to the practices and procedures in the Federal Judicial System as evidenced by the five habeas corpus proceedings previously filed and adjudicated in this Court.[1] Nevertheless, in view of the most serious allegations and charges in the complaint as to the alleged illegality of the state criminal proceeding, it was believed that legal counsel should be appointed on petitioner's behalf.

The Court has with meticulous and exhaustive care reviewed and considered the full and complete state trial, reviewed all records of the trial on the appellate level, conducted a full, complete, and exhaustive hearing, considered the briefs and arguments of counsel and must conclude that no basis exists for the granting of any relief to the petitioner.

The petitioner claims in this habeas corpus proceeding that: (1) the verdict of the jury was not unanimous; (2) that the state trial court erred in refusing to suppress his confession; and (3) that the trial judge erred in refusing to issue subpoenas for witnesses and, therefore, the entire state criminal proceeding in which he was found guilty of first degree murder was illegal.

■■■■ The law is well settled that the burden of proof is on the petitioner in a habeas corpus action, *Swain v. Ala-*

---

1. C.A. 71–769—This was a motion to vacate judgment of murder which was treated by the Court as a Petition for Writ of Habeas Corpus. Petitioner set forth every possible instance which occurred throughout the criminal proceeding which he believed to be irregular and prejudicial to his interests. Said petition was dismissed by the Honorable Barron P. McCune as being premature and for the failure to exhaust state remedies.

C.A. 71–1178—In this petition for Writ of Habeas Corpus petitioner cites many legal sources in support of his position that his conviction of first degree murder was the result of the violation of his constitutional rights. Said petition was dismissed by the Honorable Ralph F. Scalera for the failure to exhaust state remedies. A second petition requesting the reconsideration of C.A. 71–1178 was likewise denied for the reason that petitioner failed to exhaust all state remedies.

C.A. 72–145—Petitioner submitted a petition entitled Petition of Prejudice, Bias, and Racialist of the Honorable Albert A. Fiok which this Court considered as a Petition for Writ of Habeas Corpus. In said petition, petitioner contends that the trial judge committed numerous errors and irregularities all of which infringed on petitioner's constitutional rights. This petition was dismissed by the Honorable Wallace S. Gourley for failure to exhaust state remedies.

C.A. 72–417—In this petition for Writ of Habeas Corpus petitioner alleged that the Commonwealth of Pennsylvania, by virtue of its dilatory and tardy practices, deprived petitioner an effective state procedure for resolving a claim that has continued his incarceration of violation for murder was in violation of certain rights to him under the constitution. The Honorable Ralph F. Scalera dismissed the action for failure to exhaust state remedies.

C.A. 72–468—In this petition for Writ of Habeas Corpus petitioner contends that while he was in custody for charges of rape and assault with intent to ravish in Westmoreland County, and where he was subsequently found innocent, fingerprints and statements were illegally and unlawfully obtained. The Honorable Ralph F. Scalera dismissed the petition for failure of petitioner to state a cause of action in connection with the Westmoreland County proceeding and that the petitioner had not exhausted the remedies in connection with his conviction of murder in Allegheny County, Pennsylvania.

*bama,* 380 U.S. 202, 85 S.Ct. 824, 13 L. Ed.2d 759 (1965) and that the state court's findings are presumed to be correct. *Farmer v. Caldwell,* 476 F.2d 22 (5th Cir., 1973).

■■ The law is equally clear that the exact words expressed by a juror are not material, if they clearly indicate the assent of the individual mind to the verdict. *Commonwealth v. Buccieri,* 153 Pa. 535, 26 A. 228 (1893). The record reflects that the response by Juror No. 1 to the trial judge's question indicated a clear and unequivocal assent to the verdict. Moreover, his response could in no manner be construed to be involuntary or coerced. Likewise, it might have easily appeared to the trial court that the juror's response could have resulted from the confusion during polling rather than from the disagreement with the verdict. Therefore, the trial court's question was only a proper use of this discretion in its attempt to ascertain the nature of the problem. There are so many circumstances which do not appear in the written language of a transcript but which must be taken into consideration in assessing the nature of a juror's response and accordingly a trial court's discretion must be respected upon appeal.

Petitioner contends that his confession should have been suppressed because he was not informed of the nature of the crime about which he was to be questioned, he was not provided with counsel, and that his mental and physical condition were such that his will was overborne rendering his confession involuntarily. The record clearly reflects that the petitioner was informed of his right to have counsel present during his questioning in accordance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that those rights were waived by him. As to the physical and mental condition of petitioner at the time he gave his confession, the suppression hearing record amply supports the finding that the confession was voluntary and spontaneous and that petitioner knowingly, voluntarily, and intelligently waived his constitutional rights.

Petitioner also contends that his confession should be invalid because at the time he was interrogated at the State Correctional Institution at Greensburg, no arrest warrant was issued. Although no arrest warrant was introduced during the original trial of petitioner, it has been subsequently located, verified, and introduced into this proceeding. Nevertheless, the record reveals that petitioner became a suspect in the ongoing murder investigation through circumstantial evidence, and that when questioned by the Allegheny County Detectives at the State Correctional Institution in Greensburg, the petitioner knowingly, voluntarily, and intelligently waived his rights and confessed to the murder.

■■ Finally, petitioner contends that the trial court's refusal to issue subpoenas for witnesses rendered the entire criminal proceeding illegal. A careful review of the records directly supports the trial court's determination. Evidentiary rules based on legitimate state interests which exclude certain witnesses or certain testimony are not incompatible with the right to compulsory process. The determination of whether or not to allow a witness to take the stand is a matter for the discretion of the trial judge. *U. S. v. Maloney,* 241 F.Supp. 49 (W.D.Pa., 1965). The record amply supports the trial judge's decision that the two witnesses sought by petitioner to testify would not have tended to establish the fact that the petitioner was on medication at the time he signed the waiver and gave his statement.

It is the opinion of this Court that most substantial evidence exists to establish the guilt of the petitioner. No useful purpose could be gained by making reference in any great detail to the previous association of the victim and his assailant, the facts and circumstances that led up to the murder, the validity of all statements made to the law enforcement officers, and the actions and

course of conduct of the petitioner subsequent to the murder and his arrest. Suffice to say, the record reveals no violation of petitioner's constitutional rights throughout the proceeding while the evidence clearly supports the jury's finding of first degree murder.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

## ORDER

And now, this 17 day of November, 1975, petitioner's application for Writ of Habeas Corpus is hereby denied.