**Marion MASON, Petitioner-Appellee,**

v.

**Charles BALCOM, Superintendent, Montgomery Correctional Institution, Respondent-Appellant.**

**No. 74-3602.**

United States Court of Appeals, Fifth Circuit.

May 13, 1976.

Rehearing and Rehearing En Banc Denied June 25, 1976.

Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Richard L. Chambers, B. Dean Grindle, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellant.

Glenn Zell, Atlanta, Ga., for petitioner-appellee.

Before BROWN, Chief Judge, WISDOM and COLEMAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

▮ The State of Georgia on behalf of respondent Balcom, Superintendent of the Montgomery Correctional Institution, appeals from the District Court's grant of habeas relief to petitioner-appellee Mason, a state prisoner, who pleaded guilty in state court to charges of robbery and burglary. The State's chief contentions on appeal are that the District Court abused its discretion in not according the findings of the state habeas court a presumption of correctness pursuant to 28 U.S.C.A. § 2254(d), and that the District Court erred in its findings that the State failed to establish a record that Mason's plea was intelligently and voluntarily entered and that Mason was denied the effective assistance of counsel.[1] We hold that the District Court did not abuse its discretion in conducting its own evidentiary hearing, and we agree that the District Court could find that Mason did not receive the effective assistance from his court-appointed counsel, James Watts,[2] which was necessary to render his plea intelligent and

---

1. The State also contends that the District Court erred in admitting character evidence concerning Mason's co-defendant and testimony pertaining to the disposition of the charges against him, in "judicially noticing" other habeas cases in which the quality of attorney James Watts, who represented Mason at the plea hearing, was in issue, and in placing the burden of proof on the State. We are satisfied after reviewing the record that the District Court's admission of testimony in order "not to hear the case in a vacuum" and its comments on judicial notice and the State's burden of proof, if error, had only a negligible effect on the outcome of the case and were harmless. *See Chapman v. California,* 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; *Zilka v. Estelle,* 5 Cir., 1976, 529 F.2d 388; *Smith v. Estelle,* 5 Cir., 1975, 519 F.2d 1267, *petition for rehearing granted on other grounds,* 5 Cir., 1976, 527 F.2d 430.

2. Attorney Watts is no stranger to this Court. While we evaluate Watts' representation of petitioner Mason solely on the basis of the particular facts and circumstances in this case (in which Mason pleaded guilty on October 23, 1970), we have considered the effectiveness of Watts' representation in at least two previous guilty plea cases: *Lee v. Hopper,* 5 Cir., 1974, 499 F.2d 456 (plea entered January 1968); *Walker v. Caldwell,* 5 Cir., 1973, 476 F.2d 213 (plea entered August 29, 1969). In *Walker,* we found Watts' representation to have been ineffective. In *Lee,* after reviewing several deficiencies in Watts' representation, we nevertheless vacated the District Court's holding of ineffective assistance and remanded for further consideration of the claim that Watts failed to challenge the composition of the grand and petit juries.

voluntary.[3] We therefore affirm the order granting the habeas writ.

## The Road To The Fifth Circuit

Mason, along with a co-defendant, was arrested for robbery and burglary which occurred on October 17, 1970 and was held in the Baldwin County jail. On Friday, October 23, 1970—Friday was the day that all pleas of guilty were heard—he was taken from his cell to the Superior Court of Baldwin County. Just before the hearing, James Watts, an attorney with an office in the courthouse who served as judge of the small claims court, was appointed to represent Mason. Mason pleaded guilty to the charges and was sentenced to consecutive terms of ten years for robbery and five years for burglary.[4]

After serving two years of his sentence, Mason petitioned for habeas relief in the Superior Court of Montgomery County, pursuant to Georgia's post-conviction relief statute, Ga.Code Ann. § 50–127 (1975 supp.), asserting that he was illegally arrested, that he was under the influence of drugs when arrested and throughout the proceedings, invalidating any waiver of his rights and rendering any plea he made unknowing and involuntary, that he was beaten and forced to sign a confession by his jailers, and that his plea of guilty was not intelligently made because he did not receive effective assistance of counsel. The state habeas court denied the petition on January 15, 1973,[5] and its judgment was affirmed by the Georgia Supreme Court. *Mason v. Balcom,* 1973, 230 Ga. 838, 199 S.E.2d 313.

Mason then petitioned the District Court for relief. The State countered by filing a motion to dismiss or in the alternative for summary judgment, asserting that Mason had received a full and fair hearing in the state habeas court and had failed to rebut the presumption of correctness which § 2254(d) attaches to such state proceedings. The District Court, however, held its own evidentiary hearing, at which Mason testified and the transcript of the state

---

**3.** We consequently need not, and do not, reach the question of the sufficiency of the contemporaneous or subsequent state habeas record of Mason's guilty plea, which the state is required to make under *Boykin v. Alabama,* 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. *See Walker v. Caldwell,* 5 Cir., 1973, 476 F.2d 213, 215 n. 1; *Farmer v. Caldwell,* 5 Cir., 1973, 476 F.2d 22, 25 n. 4; *Nobles v. Beto,* 5 Cir., 1971, 439 F.2d 1001; *Dennis v. Henderson,* 5 Cir., 1970, 435 F.2d 1288, 1289 n. 1.

**4.** At the time of the offense, Mason's co-defendant, Earl Collins, was 42 years old and had several previous convictions. Pursuant to our request, the State has informed the Court that Collins pleaded guilty to charges of robbery and burglary after a mistrial was granted when the jury at his trial failed to agree on a verdict. He was given a 4-year suspended sentence and fined $400.

**5.** The Court said, in relevant part:
For reasons not necessary to outline in detail in this order, the Court finds that the testimony of petitioner at the evidentiary hearing was impeached in several material points by conflicting testimony of other credible witnesses and by documentary evidence. More specifically, this Court finds the testimony of Chief Deputy Hall and Attorney James M. Watts correct as to the events under investigation.

Factually, the Court finds
a) Petitioner was not illegally arrested, did knowingly and intelligently waive his rights, and was not denied the assistance of counsel;
b) Petitioner was drinking intoxicants when arrested, but he was not so far under the influence of intoxicants or drugs as to be non-compos mentis, and his participation in waiving rights during interrogation and in the proceedings in the Sentencing Court were with knowledge of his rights which were intelligently waived;

\*     \*     \*     \*     \*     \*

e) The Court appointed attorney did consider the waiver and confession previously signed by petitioner in his duty to petitioner but this was only a matter of dealing with the realities of petitioner's case, and did not violate any of petitioner's rights or deprive him of them;
f) During the proceedings in the Sentencing Court petitioner had the benefit of competent appointed counsel, was able to think and act for himself, was adequately advised of all essential rights by appointed counsel and the Sentencing Judge, and such rights were waived knowingly and intelligently by petitioner.
R. at 126–7.

habeas hearing plus the findings and order of the state habeas judge were admitted into evidence. By order of August 23, 1974, the District Court found that the factual determinations of the state habeas court were inadequate and not fairly supported by the record of the state habeas proceeding, § 2254(d)(3) & (d)(8), and therefore not entitled to a presumption of correctness.[6] Considering Mason's testimony plus the evidence adduced at the state habeas hearing, the District Court further found that the state failed to establish a sufficient record of petitioner's plea as required by *Boykin v. Alabama, supra,*[7] and that petitioner's plea was not intelligently and voluntarily made because he did not receive effective assistance of counsel.

### Effective Assistance And The Presumption Of Correctness

In order to determine the propriety of the District Court's decision to hold its own evidentiary hearing and make findings of fact, we must first establish the extent to which § 2254(d)'s presumption of correctness is applicable to the effective assistance of counsel issue. The resolution of the issue of effective assistance of counsel presents a mixed question of fact and law. *Davis v. Heyd,* 5 Cir., 1973, 479 F.2d 446, 450; *Walker v. Caldwell,* 5 Cir., 1973, 476 F.2d 213, 216. The "factual" determinations made by state habeas courts which federal courts must presume to be correct pursuant to § 2254(d) do not include mixed questions of fact and law. *Townsend v. Sain,* 1963, 372 U.S. 293, 309 n. 6, 318, 83 S.Ct. 745, 755 n. 6, 759, 9 L.Ed.2d 770, 783 n. 6, 789; *Lee v. Hopper,* 5 Cir., 1974, 499 F.2d 456, 462;

*Davis v. Heyd,* 5 Cir., 1973, *supra,* at 449–50; *West v. State of Louisiana,* 5 Cir., 1973, 478 F.2d 1026, 1031–32, *panel opinion aff'd and adhered to in relevant part,* 5 Cir., 1975, 510 F.2d 363 (en banc).

As we said in Part II of *West,* which we affirmed and adhered to en banc:

Regardless of the thoroughness of state factfinding procedures, considerations of comity do not obligate federal courts in habeas corpus cases to defer to state determinations on matters of federal law. The obligation of the federal judge is the opposite: to apply the proper federal constitutional standards based on the underlying facts, although the conclusions drawn from the facts may differ from the state court's conclusions. (Citations omitted.)

Where state factfinding procedures are adequate, comity and judicial economy dictate that the federal courts should not hold separate evidentiary hearings. To hold a federal hearing is to call state factfinding procedures into question. But comity does not govern the application by federal courts of their independent judgment as to federal law. That is their obligation in all cases, an obligation the district court in this case properly discharged.

*Id.* at 1031–32. And as we stated in another "Watts" case, *Lee v. Hopper,* 5 Cir., 1974, *supra,* at 462:

"Since the issues of effective assistance and voluntariness present mixed questions of law and fact [citation omitted], and since such questions do not fall within section 2254(d)'s presumption of cor-

---

**6.** The District Court stated, in part:

This Judge has read every page of the transcript that's in support of [state habeas court] Judge O'Connor's order, and has determined that Judge O'Connor's factual determinations are not fairly supported by the record. In fact there's just no record to support what Judge O'Connor found. He really didn't find anything as I read his record, because the only thing that occurred in the State was that this young man appeared, and whether you disagree or agree, or credit or discredit his testimony, he is the only person

who professed to have any actual memory of what took place about this case. There's no transcript from the State [plea hearing] Court; the prosecuting attorney hasn't testified about it; the Sheriff hasn't testified about this boy's case; Mr. Watts does not remember himself the manner in which this boy's case was handled. There are just no facts—no facts in the record to support what Judge O'Connor found.

R. at 133.

**7.** *See* note 3, *supra.*

rectness [citation omitted], the district court was under no constraint to defer to the state conclusions."[8]

■ Therefore, the District Court was not obligated to give a § 2254(d) presumption of correctness to the state habeas court's conclusion that Mason received effective assistance of counsel.

■ However, specific historical facts found by a state habeas court (such as what an attorney actually did for his client), to which a standard of law is applied in deciding a mixed question of fact and law, do merit § 2254(d)'s presumption of correctness in a federal habeas proceeding, *West v. State of Louisiana*, 5 Cir., 1973, *supra*, at 1031–32 (Part II), provided of course that

those facts were adequate and fairly supported by the record. § 2254(d)(3) & (d)(8).

■■■ The District Court found that the factual determinations of the state habeas court were inadequate and not fairly supported by the record. *See* note 6, *supra*. In fact, the state habeas court in this case really did not make any purely factual findings which the District Court could presume to be correct. It merely found—or more properly, "concluded"—that counsel had not been ineffective.[9] Since the state habeas court did not make any separate, purely factual findings of fact concerning the representation which attorney Watts afforded his client, no such findings were available for the District Court to rely on and the District Court properly conducted its own evidentiary hearing.[10]

**8.** As did *Lee*, our case highlights the obligation of federal courts not to defer to state court resolution of issues of federal law, since the state habeas court apparently applied an erroneous standard of law in concluding that Mason's counsel was effective. Although the state habeas court does not set out the standard of effectiveness it applied in finding that Mason was "not denied the assistance of counsel," *see Farmer v. Caldwell*, 5 Cir., 1973, *supra*, at 24 (where state court does not articulate standard applied, District Court may presume correct standard was applied absent evidence to the contrary), Georgia courts were at that time—January 15, 1973—applying the "farce or mockery of justice" standard of effectiveness. *See Hart v. State*, 1971, 227 Ga. 171, 179 S.E.2d 346, 350–51; *Lee v. Hopper*, 5 Cir., 1974, *supra*, at 461. Although for a period of time several of our opinions used the "farce or mockery of justice" language, we reaffirmed in *Herring v. Estelle*, 5 Cir., 1974, 491 F.2d 125 (March 15, 1974), that in this Circuit the standard for effective assistance of counsel has always been "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *See MacKenna v. Ellis*, 5 Cir., 1960, 280 F.2d 592, 599. The first Georgia case adopting the "reasonably effective" standard appears to be *Pitts v. Glass*, 1974, 231 Ga. 638, 203 S.E.2d 515 (January 28, 1974), well after the state habeas court rendered its decision (January 15, 1973) and the Georgia Supreme Court affirmed (June 21, 1973). Counsel may be effective by the farce or mockery of justice" standard applied by the state habeas court yet ineffective when measured by the appropriate "reasonably effective" standard. *Lee v. Hopper*, 5 Cir., 1974, *supra*, at 461; *United States v. Edwards*, 5 Cir., 1974, 488 F.2d 1154, 1164–65.

**9.** *See* note 5, *supra*. While the state habeas judge did state that he credited attorney Watts' testimony rather than Mason's, Watts did not actually remember Mason and testified only as to his general custom and practice in representing court-appointed clients. In any case, the District Court was not required to strain to transform this credibility choice into a set of findings of fact binding upon it. Even if the District Court had accepted Watts' testimony as a set of findings of fact, presumptively correct, the result we reach on the merits of the effectiveness of counsel issue would be the same. *See* note 14, *infra*.

**10.** Contrast the situation in *West v. Louisiana*, 5 Cir., 1973, *supra*, where the state habeas court did make purely factual findings on the issue of effectiveness of counsel. The District Court was able to forego an evidentiary hearing of its own and rely on the *facts* found by the state court, even though it differed with the state court on the *legal* conclusion of counsel's effectiveness:

Under the standards enunciated by the Supreme Court in *Townsend v. Sain*, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, a federal evidentiary hearing is required in habeas cases only when factual issues are not fully and fairly developed at the state level. In the present case all the relevant witnesses testified extensively at the state hearing. The state court's findings of fact pertinent to this appeal were that (1) West's lawyer had adequate time to prepare for the trial; (2) West conferred with his lawyer for more than five minutes; (3) West's lawyer was not appointed by the court in place of any other attorney. The district court in granting relief did not reject these findings of fact. Rather, the district court in effect adopted the state

*Effective Assistance: The Evidence*

The evidence before the District Court consisted of the transcript of the state habeas hearing, on which the state chose to rely, and the testimony of petitioner Mason. Sheriff Hall testified at the state hearing that he brought Mason to the courthouse—all according to normal procedure—in the morning, Mason met and conferred with Watts in his *office*, and Mason then pleaded guilty, though the Sheriff could not recall whether he was present at Mason's plea hearing or not. R. at 88. Attorney Watts testified that his general recollection was that he talked to Mason in the *courtroom* on the day of his plea, learned Mason wished to plead guilty, and asked Mason about general background information before Mason entered his plea. R. at 93. However, Watts repeatedly stated that he could not remember any of the specifics about Mason's case,[11] R. at 93, 94, 98—except that he did recall that no plea bargaining was done in Mason's case though he sometimes did plea bargain. R. at 98. Watts was then allowed to testify as to his general custom in representing the three or four defendants whom he was appointed to represent each week: he would ask them about general background information, e. g., their age, education and marital status, and about the facts of the alleged offense, advise them that they did not have to plead guilty but could have a trial, a jury trial, at which he would represent them, with witnesses to testify in their behalf.[12] R. at 93–96.

Mason testified at the state habeas hearing that he requested an attorney while in jail, was told he would see one in court, but didn't remember ever seeing one if one was appointed. In the District Court, Mason testified that he did remember Watts, but that Watts talked to him only long enough in the courtroom to have him sign the guilty plea form. Mason testified that Watts did not ask about the facts of the case, did not explain to him the grand jury process which was triggered by a plea of not guilty, did not plea bargain for him, did not advise him what his sentence might be, and did not present character witnesses or address the Court in his behalf prior to sentencing. R. at 156–63.

*Effective Or Ineffective?*

The state habeas court chose to credit the testimony of Sheriff Hall and attorney Watts and found Mason's testimony impeached "in several material points." The state court felt that Watts, considering the waiver and confession which Mason had signed, was only dealing with the realities of Mason's case and concluded that Mason was not denied competent assistance of counsel.

▪ The District Court, however, remarking that Mason was the only witness who professed to remember what actually happened at his plea hearing,[13] but without actually rejecting the state court's credibility choices, found that there was no evidence that Watts did anything required by such

court's findings of fact and differed with the state court only on a matter of law: whether in view of the facts of this case West's constitutional rights had been violated. *Id.* at 1031 (Part II). *See also Farmer v. Caldwell*, 5 Cir., 1973, 476 F.2d 22, 23–24.

11. It is noteworthy that the one-page question and answer sheet, which constitutes the only contemporaneous record of the guilty plea proceeding (a similar question and answer sheet is set out in *Farmer v. Caldwell*, 5 Cir., 1973, 476 F.2d 22, 25 n. 4), was not even sufficient to refresh the memories of the participants at Mason's plea hearing (though we do not here reach the *Boykin*-worthiness of such a record, *see* note 3, *supra*).

12. Since this was Watts' *general practice* in representing clients who pleaded guilty, Watts presumably gave this same kind of representation to his former clients Messrs. Lee and Walker. Though the effectiveness of counsel's assistance must be decided on the merits of each particular case, this type of representation was found to be ineffective in *Walker* and prompted a remand for further findings in *Lee*. *See* note 2, *supra*.

13. Even if the District Court only had Mason's testimony, it would of course not have been bound to give it credence. *Farmer v. Caldwell*, 5 Cir., 1973, *supra*, at 25.

cases as *Walker v. Caldwell*, 5 Cir., 1973, *supra*, to render effective assistance.[14]

### Ineffective Assistance Of Counsel—Again

██ We think that under any view of the evidence, as it stood either in the state habeas court or in the District Court, petitioner Mason's court-appointed attorney was not reasonably likely to render and did not render reasonably effective assistance. *See MacKenna v. Ellis*, 5 Cir., 1960, 280 F.2d 592, 599.

The evidence is undisputed that attorney Watts did not inform Mason of the grand jury process available to defendants who plead not guilty. Mason claims that his co-defendant persuaded him to commit the offenses and gave him drugs, yet Watts did not investigate potential defenses such as duress and coercion, *see* Ga.Code Ann. § 26–906. Mason claims that he was drunk when arrested, yet Watts did not explore the defense of intoxication, Ga.Code Ann. § 26–704. Mason claims that he was physically coerced into signing a confession, yet Watts did not ask for a *Jackson v. Denno* hearing on the voluntariness of the confession or look for any other instances of police misconduct which may have been the basis for a motion to suppress.

Even though Mason was only 18 at the time of the offense and had no prior record, Watts did not present character witnesses in his behalf or exercise his right of allocution to beg for a lenient sentence. Nor did Watts attempt to plea bargain in Mason's behalf, an element of which might have been Mason's agreement to testify against his much older and more experienced co-defendant.[15]

Watts just did not take the time to familiarize himself with the circumstances surrounding Mason's case—he did not talk to any witnesses to the offense or even to Mason's co-defendant—including the potential defenses Mason now raises. He failed to give Mason considered legal advice and to present him with all of the options available to him.

As we said in *Herring v. Estelle*, 5 Cir., 1974, 491 F.2d 125, 128:

Reasonably effective assistance is an easier standard to meet in the context of a guilty plea than in a trial, but counsel still must render competent service. *See Tollett v. Henderson*, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235. It is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. *Lamb v. Beto*, 5th Cir. 1970, 423 F.2d 85, 87, cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84. *See Walker v. Caldwell*, 5th Cir. 1973, 476 F.2d 213; *Colson v. Smith*, 5th Cir. 1971, 438 F.2d 1075; *O'Neal v. Smith*, 5th Cir. 1970, 431 F.2d 646. He must actually and substantially assist his client in deciding whether to plead guilty. *Walker v. Caldwell, supra*, 476 F.2d at 224. It is his job to provide the accused an "understanding of the law in relation to the facts." *Id.* at 218. The advice he gives need not be perfect, but it must be reasonably competent. *Colson v. Smith, supra*, 438 F.2d at 1081 n.5. His advice should permit the accused to make an informed and conscious choice. *Id.* at 1079. In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice.

---

**14.** It is not clear whether the District Court viewed Watts' testimony at the state habeas hearing as irrelevant because it pertained only to his general custom of representation and not specifically to Mason's case, or whether it found that Mason did receive attorney Watts' customary representation, which however was inadequate. The state objects that one cannot determine what facts the District Court found because the District Court's opinion and order, which it dictated from the bench, did not find facts specially or state separately its conclu-

sions of law as required by F.R.Civ.P. 52(a). Because we premise our holding on a view of the facts most favorable to the state, i. e. on the view that Watts' testimony was true and that he represented Mason in his customary fashion, we conclude that whatever deficiencies there might be in the District Court's findings under F.R.Civ.P. 52(a) are harmless. *See* note 1, *supra*.

**15.** *See* note 4, *supra*.

And a lawyer who is not familiar with the facts and law relevant to his client's case cannot meet that required minimal level.[6]

[6] "Effective counsel includes familiarity of counsel with the case and an opportunity to investigate it if necessary in order meaningfully to advise the accused of his options." *Windom v. Cook*, 5th Cir. 1970, 423 F.2d 721, *quoting from Calloway v. Powell*, 5th Cir. 1968, 393 F.2d 886, 888.

*See also Lee v. Hopper*, 5 Cir., 1974, 499 F.2d 456, 463 (guilty plea does not relieve counsel from investigating potential defenses).

■ It is inconceivable that a privately-retained attorney would have given Mason such perfunctory representation. That his attorney was court-appointed rather than privately retained is of course irrelevant in measuring the effectiveness of the representation Mason received at his plea hearing, *Kent v. Sanford*, 5 Cir., 1941, 121 F.2d 216 (though we do not here have to consider the result had Watts been privately retained, *see Fitzgerald v. Estelle*, 5 Cir., 1974, 505 F.2d 1334 (en banc)). The evidence supports the conclusion that Watts did not actually and substantially assist his client in deciding whether to plead guilty, did not familiarize himself with the facts of the case, and did not impart to his client an understanding of the law in relation to the facts. The assembly-line nature of the representation given petitioner Mason by attorney Watts does not approach the level of effectiveness demanded by our cases. *Lee v. Hopper*, 5 Cir., 1974, *supra; Herring v. Estelle*, 5 Cir., 1974, *supra; Walker v. Caldwell*, 5 Cir., 1974, *supra.*

■ A plea of guilty of course constitutes a waiver of several basic constitutional rights, including the right to trial by jury, the privilege against self-incrimination, and the right to confront one's accusers. *Boykin v. Alabama*, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. As such, it must be made intelligently and voluntarily to be effective. *Johnson v. Zerbst*, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. An accused who does not receive reasonably

effective assistance of counsel in connection with his decision to plead guilty cannot be said to have made that decision either intelligently or voluntarily. *McCarthy v. United States*, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; *Walker v. Caldwell*, 5 Cir., 1973, *supra.* Because we agree with the District Court that Mason did not receive reasonably effective assistance from his court-appointed attorney, his guilty plea is invalid.

Petitioner Mason becomes another of Georgia prisoner, represented by Watts, who was deprived of the effective assistance of counsel to which he was constitutionally entitled. We affirm the District Court's order granting the habeas writ and giving the state an opportunity to retry Mason if it so chooses, in which proceeding Mason will be allowed to plead anew.

AFFIRMED.

COLEMAN, Circuit Judge (specially concurring).

My concurrence in this case has not been quickly or enthusiastically given. My reluctance was based upon the fact that the Supreme Court of Georgia reviewed this habeas corpus case, on appeal from the Superior Court, and "concluded that the evidence authorized [the] findings" that "the petitioner knowingly and voluntarily entered the pleas of guilty, that he had competent counsel, [and] that none of his rights were violated", 199 S.E.2d at 314.

The views of the state court of last resort are entitled to great respect and are not lightly to be contradicted.

Nevertheless, it is a fact that the Supreme Court held only that Mason had competent counsel; it did not address itself to the issue of effective assistance of counsel.

I believe in adhering to the requirements of 28 U.S.C.A., § 2254(d) that the findings of a state habeas corpus court are to be given a presumption of correctness. Even so, this presumption, like all presumptions, must yield to the actual facts. It seems to me, however, that the inadequacy of the

state court record justified an independent hearing by the federal district court. The product of this hearing is set forth in the opinion authored by Chief Judge Brown.

I must emphasize that portion of the opinion which states that specific historical facts found by a state habeas corpus court must be given the presumption of correctness when adequately and fairly supported by the record. A federal district judge has no right to re-try factual issues heard and determined on an adequate record in state habeas corpus proceedings, *Shuler and Chatman v. Wainwright*, 5 Cir., 1974, 491 F.2d 1213.

In essence, therefore, I concur in affirming the judgment of the District Court because, on the undisputed facts, the representation given Mason was simply too perfunctory to pass muster.

As one who, in former years, had extensive trial experience in criminal cases, both for the prosecution and for the defense, I cannot close my eyes to what effective representation could have accomplished for Mason when one considers what happened to his co-defendant when counsel put that case to trial. The co-defendant, a man with a long criminal record, got off with a suspended sentence and a $400 fine. With no hand raised in his defense, Mason was sentenced to fifteen years and has served more than five. In the absence of facts to contradict the inference, something was sadly lacking.