**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank LAWRENCE,**
**Defendant-Appellant.**

**No. 725, Docket 79-1385.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 4, 1980.

Decided April 10, 1980.

Thomas A. Palmer, Buffalo, N.Y. (Pack, Grashow, Palmer, Greenman, Hurley & Ball, Buffalo, N.Y., of counsel), for defendant-appellant.

Matthew J. Murphy, III, Asst. U. S. Atty., W. D. New York, Buffalo, N.Y. (Richard J. Arcara, U. S. Atty., W. D. New York, Buffalo, N.Y., of counsel), for plaintiff-appellee.

Before LUMBARD, WATERMAN and FEINBERG, Circuit Judges.

LUMBARD, Circuit Judge:

After a two-day trial in May 1979 the District Court for the Western District of New York entered judgment which recited the guilt of the appellant, Frank Lawrence, on a charge of robbing the Main and Chippewa Branch of the Marine Midland Bank in Buffalo, on April 18, 1979, in violation of 18 U.S.C. § 2113(a) and (b). After a ten year jail sentence had been imposed, Lawrence appealed claiming insufficiency of the evidence to show the necessary intimidation for conviction under § 2113(a), and the lack of unanimity in the jury's verdict by reason of juror number 2's reluctance to declare the defendant's guilt.

██ The evidence of intimidation is clear and convincing. Although Lawrence used no force or violence, he said to the bank teller, "I don't want to see you or anyone else get hurt." He passed a note to the teller demanding money in certain denominations and asked, "Do you understand what I mean?" Such actions are sufficient to constitute intimidation within the statute. *United States v. Brown*, 412 F.2d 381, 384 (8th Cir. 1969); *United States v. Robinson*, 527 F.2d 1170, 1172 (6th Cir. 1975); *United States v. Jacquillon*, 469 F.2d 380 (5th Cir. 1972), *cert. denied*, 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604 (1972). Proof of guilt was abundant. Lawrence presented no defense.

The record concerning the reluctant juror number 2 (whose name, inappropriately enough, is Portia Herbert) displays the reluctance of the trial judge to dispense with a juror whose views on pronouncing judgment were evident before the first witness was sworn.

After jury selection was completed on May 17, 1979, but before trial had commenced, the trial judge was told by juror number 2 that, because of religious scruples, she would not be able to pronounce judgment on another individual. Judge Elfvin informed counsel of this communication, and the government moved to excuse Herbert from the jury as there were alternate jurors available at this time. The defense attorney opposed the prosecutor's motion and Judge Elfvin denied it.

On the second and final day of the trial, the government requested a voir dire of juror number 2, which the trial judge denied.

When the jury returned a verdict of guilty on both counts, the jury was polled at the request of defense counsel. Juror number 2 stated that she could not say that it was her verdict. The court ordered the jury to retire for further deliberations. The jury later returned to the courtroom, and the foreman advised the court that, although the juror agreed at one point, she could not bring herself to say guilty or not guilty. Thereupon the trial judge questioned the juror in open court. In response to his question whether the jury had made a "factual decision" that the government had proven each of the elements of the crime beyond a reasonable doubt, the juror responded, "Yes, it appears that way." The query was repeated:

"THE COURT: Are you satisfied beyond a reasonable doubt that the Government has proven the essential elements of each of the crimes to be present? This is leaving aside your pronouncing guilty or not guilty.

"JUROR NUMBER 2: It appears that way."

After the juror had again affirmed her opinion, the colloquy was concluded as follows:

"THE COURT: But you cannot actually say yourself, according to the dictates of your religion, whether another person is guilty or not guilty, is that the problem?

"JUROR NUMBER 2: Yes.

"THE COURT: Is it only that?

"JUROR NUMBER 2: Yes."

After polling the remaining jurors, the court accepted the verdict, and later denied a motion for a mistrial. Finally, on October 15, 1979, Lawrence was sentenced to ten years imprisonment.

██ The record shows beyond doubt that the juror was satisfied in her own

mind that the government had proved its case as required by the applicable standards. Provided that it is clear that the juror is convinced beyond a reasonable doubt, "the exact words expressed by a juror are not material," *Jackson v. Howard*, 403 F.Supp. 107, 109 (W.D.Pa.1975), *aff'd without opinion*, 547 F.2d 1161 (3d Cir. 1977), *cert. denied*, 430 U.S. 957, 97 S.Ct. 1606, 51 L.Ed.2d 808 (1977) and clarification elicited by the judge may well be helpful. *Williams v. United States*, 419 F.2d 740, 746 (D.C. Cir. 1969).

It was entirely proper for the trial judge to examine juror number 2 in open court. From earlier advices the judge was aware of the problem which he himself had created by failure to excuse the juror. He was able speedily to clear up all doubts as to the juror's state of mind and the cause of her reluctance to use the usual form of words. In no respect was the situation like that in *United States v. Sexton*, 456 F.2d 961 (5th Cir. 1972), where a juror was, in effect, compelled to cast his vote in open court. Thus there is no basis for the appellant's claim that the jury should have deliberated further. Nor is there any suggestion of intimidation or coercion in the nature or fact of conducting the questioning in open court in the presence of the other jurors. *Cf. Bruce v. Chestnut Farms-Chevy Chase Dairy*, 126 F.2d 224 (D.C.Cir. 1942).

Having been hoist by his own petard, the trial judge was fortunate in being able to make a retrial unnecessary by a brief questioning of the juror.

The Federal Rules of Criminal Procedure have made ample provision for alternate jurors who may be substituted whenever it appears that a juror's scruples or prejudices render the juror subject to disqualification, because the retention of the juror may endanger the jury's arriving at a unanimous verdict for reasons apart from a doubt about the evidence. Fed.Rules Crim.Proc. 24(c). Obviously, the trial judge should have directed a substitution of an alternate juror when the court was first alerted to the situation presented by juror number 2.

Affirmed.